817 F.2d 392
 16 Collier Bankr.Cas.2d 1499, 16 Bankr.Ct.Dec. 500,
Bankr. L. Rep. P 71,804
 Betty L. PERKINS and Harry A. Perkins, Plaintiffs-Appellants,
v.
Thomas L. SCHARFFE, Defendant-Appellee.
 No. 85-1555.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 11, 1986.
Decided May 5, 1987.
 
 1
 Frank M. Quinn, Daniel S. Opperman (argued), Braun, Kendrick, Finkbeiner, Schafer and Murphy, Bay City, Mich., for plaintiffs-appellants.
 
 
 2
 John J. Hebert, Bay City, Mich., for defendant-appellee.
 
 
 3
 Before ENGEL and JONES, Circuit Judges, and ALLEN, Senior District Judge.*
 
 
 4
 ALLEN, Senior District Judge.
 
 
 5
 This case arises as an appeal from a decision rendered by the United States District Court for the Eastern District of Michigan affirming an order of the United States Bankruptcy Court for that district.
 
 
 6
 Both the district Court and the bankruptcy court held that a judgment of $180,000.00, which the appellants had obtained against the appellee, was dischargeable in bankruptcy. Appellants contend that the judgment debt was nondischargeable under 11 U.S.C. Sec. 523(a)(6) (1979). Section 523(a)(6) provides: A discharge under this title does not discharge an individual debtor from any debt "--for willful and malicious injury by the debtor to another entity or to the property of another entity."
 
 
 7
 This case had its genesis in the medical-podiatric treatment of appellant Betty L. Perkins by the appellee, Dr. Scharffe, which both the Bankruptcy and District Judges correctly characterized as being absolutely appalling. The proof showed that Dr. Scharffe unnecessarily injected Mrs. Perkins's left foot with an unsterile needle or contaminated medication. Thereafter, he failed to perform timely tests when resultant infection was apparent. Dr. Scharffe then ignored the results of belated tests that identified the offending bacteria and disclosed the appropriate drugs and drug strengths to combat them. Finally, Dr. Scharffe failed to hospitalize Mrs. Perkins when hospitalization was urgently needed.
 
 
 8
 Harry and Betty Perkins filed suit against Dr. Scharffe in the Bay County Court in Michigan. Dr. Scharffe filed a Chapter 7 petition with the bankruptcy court and after the automatic stay pursuant to 11 U.S.C. Sec. 362 (1979) was removed, the Bay County action was concluded by a negotiated consent judgment of $180,000.00. That judgment specifically reserved the question of dischargeability for the bankruptcy court's consideration.
 
 
 9
 The resolution of this case depends upon the interpretation given to the terms "willful" and "malicious", which appear in Sec. 523(a)(6). The committee notes to the statute provide that "willful" means deliberate or intentional. The bankruptcy courts that have decided this matter have been divided as to whether the statute requires an intentional act that results in injury or an act with intent to cause injury. Those which follow the more lenient standard are: In re DeRosa, 20 B.R. 307 (Bankr.S.D.N.Y.1982); In re Fussell, 15 B.R. 1016 (W.D.Va.1981); In re McGiboney, 8 B.R. 987 (Bankr.N.D.Ala.1981). Those that follow the stricter standard are In re Finnie, 10 B.R. 262 (Bankr.D.Mass.1981); In re Hinkle, 9 B.R. 283 (Bankr.D.Md.1981); and In re Graham, 7 B.R. 5 (Bankr.D.Nev.1980).
 
 
 10
 The circuit courts, however, which have addressed this question have adopted the looser standard. See In re Cecchini, 780 F.2d 1440 (9th Cir.1986); In re Franklin, 726 F.2d 606, 610 (10th Cir.1984); Matter of Quezada, 718 F.2d 121, 123 (5th Cir.1983); and Seven Elves, Inc. v. Eskenazi, 704 F.2d 241, 245 (5th Cir.1983).
 
 
 11
 In re Franklin is particularly instructive as it involves facts somewhat similar to the facts in the case at bar. In that case, Paul Sanchez was admitted to the hospital for an appendectomy. The operation was performed by appellant who was an osteopathic surgeon. Cardiac arrest occurred during the surgery and Sanchez suffered extensive brain damage. 726 F.2d at 608.
 
 
 12
 Legal proceedings were initiated against Dr. Franklin alleging reckless and willful medical care and claiming compensatory and punitive damages. After a default judgment had been entered awarding both compensatory and punitive damages the state appellate court reversed the award of punitive damages and a trial was held on that issue and resulted in a general verdict awarding punitive damages to Paul Sanchez. Id.
 
 
 13
 Both the bankruptcy court and the district court originally held that based upon the record and judgment in the state court, the debt owed was nondischargeable. The Tenth Circuit Court of Appeals reversed those rulings because of its opinion that the bankruptcy court in making a discharge determination was not limited to review of the state court judgment and record. In re Franklin, 615 F.2d 909 (10th Cir.1980). The bankruptcy court on remand held that the appellant was liable for willful and malicious injury to the person of another and that the debt was not dischargeable. On direct appeal from the Bankruptcy Court, the appellate court affirmed the decision of the bankruptcy court. The Court of Appeals after citing Sec. 523 noted that no definition is given in the statute for the terms "willful" and "malicious." The court went on to state that the notes of the committee, as well as case law, has provided the meaning of those words, and that the notes state that "willful" means "deliberate or intentional." The court then observed that other courts have generally held that "willful" and "malicious" requires the intentional doing of an act that necessarily leads to injury. It also observed that this definition was accepted in Den Haerynck v. Thompson, 228 F.2d 72 (10th Cir.1955). Id. at 610.
 
 
 14
 The court in Franklin found that there was sufficient evidence to support the finding of the bankruptcy court that the actions of the appellant amounted to a willful disregard of his duty and a complete and total disregard of acceptable medical practice and, therefore, constituted willful and malicious conduct. The court noted that there was a finding that the appellant prescribed an anesthetic without a patient history, overinduced the patient with anesthesia, and covered up two records pertaining to the surgery and subsequent cardiac arrest. Id.
 
 
 15
 We find that the facts in the case before us are very similar to the facts before the court in Franklin and we therefore reach the same conclusion as did the court in that case. Our opinion is reinforced by the leading bankruptcy treatise, which states:
 
 
 16
 In order to fall within the exception of section 523(a)(6), the injury to an entity or property must have been willful and malicious. An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite, or ill-will. The word "willful" means "deliberate or intentional," a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.
 
 
 17
 3 COLLIER ON BANKRUPTCY 523-111 (15th ed. 1986).
 
 
 18
 For the reasons given above, the decision of the District Court is reversed.
 
 
 19
 ENGEL, Circuit Judge, concurring.
 
 
 20
 I concur because I agree that the result reached by the majority is largely consistent with the position taken by the circuits which have addressed this same question, see particularly Wheeler v. Laudani, 783 F.2d 610 (6th Cir.1986); In re Franklin, 726 F.2d 606 (10th Cir.1984); In re Cecchini, 780 F.2d 1440 (9th Cir.1985). Uniformity on this question is desirable because bankruptcy is an area in which "it is more important that the applicable law be settled than that it be settled right." Burnet v. Coronado Oil & Gas Co., 285 U.S. 393, 406, 52 S.Ct. 443, 447, 76 L.Ed. 815 (1932) (Brandeis, J., dissenting). Were we writing upon an entirely clean slate, however, I would have been inclined to agree with United States District Judge Horace C. Gilmore's conclusion of dischargeability. The conduct which occasioned the judgment against the bankrupt doctor, while agreed by all to be "appalling" was not "willful and malicious injury," but instead constituted reckless disregard of a professional duty of care, a type of conduct which Congress indicated, at least in its legislative history, was even subject to dischargeability.[1]
 
 
 
 *
 The Honorable Charles M. Allen, Senior District Judge of the United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Paragraph 5 provides that debts for willful and malicious conversion or injury by the debtor to another entity or the property of another entity are nondischargeable. Under this paragraph "willful" means deliberate or intentional. To the extent that Tinker v. Colwell, 139 U.S. 473 (1902) [sic 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904) ] held that a less strict standard is intended, and to the extent that other cases have relied on Tinker to apply a "reckless disregard" standard, they are overruled
 H.R.Rep. No. 595, 95th Cong., 1st Sess. 365, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6320-21; S.Rep. No. 989, 95th Cong., 1st Sess. 79, reprinted in id. at 5865.