82 B.R. 864 (1987)
In re Larry Ray MACE, Debtor.
Bernell R. MACE, Plaintiff,
v.
Larry Ray MACE, Defendant.
Bankruptcy No. 2-84-01160, Adv. No. 2-84-0151.
United States Bankruptcy Court, S.D. Ohio, E.D.
November 10, 1987.
*865 Craig Stewart, Carlile Patchen Murphy & Allison, Columbus, Ohio, for plaintiff.
Lee C. Mittman, Columbus, Ohio, for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER ON MOTION FOR SUMMARY JUDGMENT
BARBARA J. SELLERS, Bankruptcy Judge.
This matter is before the Court upon plaintiff Bernell R. Mace's Motion for Summary Judgment and a Cross-Motion for Summary Judgment filed by defendant Larry Ray Mace. Appended to each party's respective motion is a memorandum in support. In response to the defendant's cross-motion, the plaintiff filed a reply memorandum. It appears to the Court upon examination, that the defendant's motion is actually only in the nature of opposition to the plaintiff's motion and is not a request for separate affirmative relief. Accordingly, only the plaintiff's motion is the subject of this ruling.
The jurisdiction of this Court in this adversary proceeding is premised upon 28 U.S.C. § 1334(b) and upon the General Order of Reference entered in this district. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

FINDINGS OF FACT
On April 16, 1984, the defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Among his listed creditors was Bernell R. Mace, his ex-spouse, who claimed amounts owed under their divorce decree. Bernell Mace subsequently filed this complaint in the defendant's bankruptcy case seeking a determination that certain debts arising from that divorce decree are nondischargeable.
Count I of the complaint alleges that thirty percent of all monthly pension payments for the defendant's services in the United States Navy ("Military Retirement Funds") is owed to the plaintiff as alimony and, therefore, is nondischargeable under 11 U.S.C. § 523(a)(5). Count II of the complaint alleges that her portion of the Military Retirement Funds which was previously unpaid (the "Arrearages") is also nondischargeable under principles of conversion. The defendant denied the nondischargeable nature of the thirty percent of the Military Retirement Funds and the Arrearages and further counterclaimed for monies withheld and paid to the plaintiff subsequent to the date of the defendant's bankruptcy filing.
The relevant facts are not in dispute. The plaintiff and the defendant were married for twelve years. On June 5, 1975, the Superior Court of California, County of Orange, entered an interlocutory judgment dissolving that marriage and awarding custody of the parties' minor child to the plaintiff. That judgment further provided that:
[Defendant] shall pay to [plaintiff], as and for spousal support, the sum of $175.00 per month, commencing February 1, 1975, and continuing on the first day of each month thereafter to and including January 1, 1977; commencing February 1, 1977 [defendant] shall pay to [plaintiff], as and for spousal support the sum of $1.00 per year for a period of three years, at which time spousal support shall absolutely terminate; provided, however, spousal support shall terminate upon either party's death, [plaintiff's] remarriage, or further order of court.
The state court further found that the defendant expected to complete a twenty (20) year period of service in the United States Navy on or about May 26, 1975, and that he would be eligible to retire under the United States Military Act on that same date. Accordingly, the state court expressly reserved jurisdiction to determine if a community property interest existed in the Military Retirement Funds, and if such interest did exist, to divide the resulting community property interests. On August 11, 1975, the state court entered its final judgment *866 formally terminating the parties' marriage.
Two months later, on October 2, 1975, the state court entered its order addressing the respective rights of the parties in the Military Retirement Funds. The pertinent provisions of the order upon which the present dispute is based states as follows:
That the military retirement pension standing in the name of [Defendant] vested during the marriage of [Defendant] and [Plaintiff]; that 60% thereof constitutes the community property of the parties; that [Plaintiff] is awarded a 30% interest in said military retirement pension of [Defendant] based on 20 years of service.
* * * * * *
[Defendant] is ordered to remit to [Plaintiff] 30% of each pension check, based on 20 years of service, when received by [Defendant] from the United States Government.
* * * * * *
[Defendant] is ordered to designate [Plaintiff] as a 30% beneficiary of any rights which may accrue under said pension by virtue of the death of the [Defendant].
The defendant retired from the Navy on or about April 1, 1977. Since his retirement, he has made no direct remittances to the plaintiff of her thirty percent interest in the Military Retirement Funds. By order dated January 28, 1983, the California state court directed the Navy Finance Center to withhold thirty percent of the defendant's net retirement paycheck and to pay such amount directly to the plaintiff each month. The Navy Finance Center was further ordered to withhold an additional $150.00 each month from the remaining portion of each check until the Arrearages were satisfied. The Navy Finance Center did not commence such payments until September 30, 1983, and, the actual amount of the unpaid Arrearages sought to be discharged by the defendant is $18,102.43, as referenced by the parties' stipulated amendment to the complaint.
To prevail upon a motion for summary judgment, the movant must show that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). All evidence and inferences therefrom must also be construed in favor of the party opposing the motion for summary judgment. Smith v. Hudson, 600 F.2d 60 (6th Cir.1979), cert. denied, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415.

THE § 523(a)(5) CAUSE OF ACTION
In her motion seeking summary judgment, the plaintiff argues that the defendant's continuing obligation to pay thirty percent of each month's Military Retirement Funds is nondischargeable pursuant to 11 U.S.C. 523(a)(5). For reasons set forth below, however, the Court finds, as a matter of law, that the defendant's obligation relating to the Military Retirement Funds is not a debt which arose in the nature of support.
Section 523(a)(5) states that a discharge under 11 U.S.C. § 727 does not discharge an individual debtor from any debt:
[T]o a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that:
* * * * * *
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support[.]
The Court of Appeals for the Sixth Circuit has clearly stated the standard to be applied to determine whether an obligation arising from a divorce decree is dischargeable under § 523(a)(5). The factors to be considered are whether the state court or the parties intended the obligation to be for support, whether the obligation has the effect of providing support necessary for daily needs, and lastly, whether the obligation was reasonable in light of traditional concepts of support and the party's resources at the time of the award and *867 prospectively. Long v. Calhoun, 715 F.2d 1103 (6th Cir.1983). If the first factor is not met, the analysis ends and the debt is dischargeable. Calhoun, 715 F.2d at 1109.
In the present case, the Court finds that the plaintiff's entitlement to her thirty percent interest in the Military Retirement Funds was not intended by the state court to be in the nature of support. Rather, the plaintiff's interest, according to the Superior Court of California, is an ownership interest which vested in her during the marriage. The state court found that sixty percent of the pension represented community property. This was based upon the plaintiff's twelve year marriage to the defendant during his twenty years of military service. The remaining eight years of the defendant's twenty years of military service entitled him to sole ownership of forty percent of the Military Retirement Funds.
The Supreme Court of California did not finally decide the issue of spouses' rights to non-vested pension funds until a few months after the parties' divorce. However, spouses' rights to vested pension funds had been clearly established before the Maces' divorce in 1975 in that the Supreme Court of California had held that both the employee and the non-employee own a property interest in a vested pension fund which is the community property of the parties. Phillipson v. Board of Administration, 3 Cal.3d 32, 89 Cal.Rptr. 61, 473 P.2d 765 (1970).
Both employee and non-employee own community property rights in the pension fund that are of equal stature; such rights are equally subject to the power of the divorce court. Because the employee participates in the pension program, he does not thereby strip his spouse of vested community property rights in that fund. Phillipson, 3 Cal.3d at 50, 89 Cal. Rptr. 61, 473 P.2d 765.
In 1974, the Supreme Court of California again addressed the issue of spouses' rights to pension funds, in particular, military pension funds, and held that "federal military pay is properly the subject of California community property law." In re Fithian, 10 Cal.3d 592, 111 Cal.Rptr. 369, 517 P.2d 449, (1974), cert. denied, 419 U.S. 825, 95 S.Ct. 41, 42 L.Ed.2d 48; see generally Cal. Property Rights § 4800 (West 1983).
In the present case both parties had vested interests in the Military Retirement Funds. Order of the Superior Court of California, County of Orange, Case No. D-87525 (October 2, 1975) (unreported). That order was not appealed and, therefore, was unaffected by the United States Supreme Court's ruling in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Based upon the California state court's final order and the relevant California state law, this Court finds that the award to plaintiff of a share of the Military Retirement Funds was not intended to be in the nature of support. Therefore, neither the ongoing obligation to remit thirty percent of the Military Retirement Funds nor the obligation for the Arrearages are excepted from discharge by the provisions of 11 U.S.C. § 523(a)(5).

THE § 523(a)(6) CAUSE OF ACTION
The plaintiff's alternative claim for relief is based upon 11 U.S.C. § 523(a)(6). Plaintiff alleges that the Arrearages were her property which the defendant converted, and that such conversion was willful and malicious, thereby causing injury to her property which is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).
The plaintiff correctly states that willful and malicious injury as provided in § 523(a)(6) includes willful and malicious conversion of another's property. Grand Piano and Furniture Co. v. Hodges, (In re Hodges), 4 B.R. 513 (Bankr.W.D.Va. 1980); In re McCloud, 7 B.R. 819, (Bankr. M.D.Tenn.1980). The plaintiff must therefore show that the defendant converted her property under the applicable state law, and that such conversion was with willful and malicious intent.
Conversion is defined as "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his right therein." Hartford Financial Corporation v. Burns, 96 Cal. App.3d 591, 158, Cal.Rptr. 169 (1979). See generally 18 Ohio Jur.3d 481 § 1 (1980). *868 There has been no challenge to the plaintiff's assertion that the defendant received the plaintiff's interest in the Military Retirement Funds and refused to pay the plaintiff the share awarded to her by an order of the Superior Court of California. Because the defendant kept the plaintiff's property, he clearly converted her share of the Military Retirement Funds. Fidelity & Deposit Co. v. Citizens Bank 72 Ohio App. 432, 52 N.E.2d 549 (1943); Dakota Gardens Apartment v. Pudwill, 75 Cal.App.3d 346, 142 Cal.Rptr. 126 (1977). To be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6), however, the Court also must find that the defendant's conversion of the plaintiff's funds was with willful and malicious intent.
The Court of Appeals for the Sixth Circuit recently addressed the issue of the interpretation of "willful and malicious" intent as required by 11 U.S.C. § 523(a)(6). Perkins v. Scharffe, 817 F.2d 392 (6th Cir. 1987), cert denied, ___ U.S. ___, 108 S.Ct. 156, 98 L.Ed.2d 112. The Perkins Court defines "willful" as ". . . deliberate or intentional, a deliberate and intentional act which necessary leads to injury." Perkins, 817 F.2d at 394 (quoting 3 Collier on Bankruptcy 523-11 (15th ed. 1986)). The Court notes that this is a lenient standard which does not require a showing of intent to cause injury. Perkins, 817 F.2d at 393. The plaintiff, therefore, is not required to show that the defendant kept the Military Retirement Funds with the intent to injure her, but only that he intended to keep such funds and that his action necessarily caused her injury.
Based on the Sixth Circuit's standard, the Court finds that the defendant's act of withholding the Military Retirement Funds was a deliberate act. Construing the facts in favor of the defendant as the party opposing the motion for summary judgment, the Court also finds that the plaintiff has shown injury by the defendant's actions.
In referring to 11 U.S.C. § 523(a)(6), the Court of Appeals for the Sixth Circuit held that:
[a] injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite, or ill-will. Perkins, 817 F.2d at 394 (quoting 3 Collier on Bankruptcy 523-11 (15th ed. 1986)).
The defendant's failure to remit the Military Retirement Funds to the plaintiff was wrongful as such failure was in violation of an order of the Superior Court of California. The defendant failed to assert any reason for his action in opposition to the plaintiff's motion and, therefore, the Court also finds that his failure to remit was without just cause. Accordingly, the debtor's obligation for the Arrearages is excepted from discharge by the provisions of 11 U.S.C. § 523(a)(6).

THE ONGOING MONTHLY PAYMENTS
The Court finds further that the defendant's obligation to pay thirty percent of any ongoing monthly payments he receives from the Military Retirement Funds is not affected by his bankruptcy or his discharge. Because the plaintiff is the owner of thirty percent of the Military Retirement Funds, the defendant is obligated to turn over those funds to the plaintiff. It is not the defendant who is liable to the plaintiff for the ongoing payments, but rather, it is the United States who must pay plaintiff her share. Manners v. Manners (In re Manners), 62 B.R. 656 (Bankr. D.Mont.1986). The defendant is merely a conduit through which the United States remits to plaintiff her share. But, to the extent the defendant actually receives the plaintiff's share and fails to pay her thirty percent of each monthly check, a debt is created and defendant may then be civilly liable for conversion of the plaintiff's funds. Thomas v. Lyles (In re Thomas), 47 B.R. 27 (Bankr.S.D.Cal.1984). Accordingly, the debtor's obligation to turn over to the plaintiff her share of each month's Military Retirement Funds is unaffected by his bankruptcy.
Based upon the foregoing, the plaintiff's motion for summary judgment is granted pursuant to 11 U.S.C. § 523(a)(6), and the *869 defendant's obligation to pay the Arrearages is not discharged. The plaintiff's motion is DENIED, however, insofar as it seeks judgment pursuant to 11 U.S.C. § 523(a)(5). The defendant's obligation to turn over to the plaintiff her share of the Military Retirement Funds is not affected by the defendant's bankruptcy.
This Court's finding that the plaintiff's share of the Military Retirement Funds is not the property of the defendant further moots the defendant's Counterclaim alleging a violation of the automatic stay for pension funds paid to the plaintiff by the Navy Financial Center after April 16, 1984. Because the Court has sustained the plaintiff's motion pursuant to § 523(a)(6), the Court need not address the plaintiff's allegations based upon 11 U.S.C. § 523(a)(4).
IT IS SO ORDERED.