**In re Maria GARGAC and William Gargac, Debtors.**

**Jean STEWART, Plaintiff,**

**v.**

**William & Maria GARGAC, Defendants.**

**Bankruptcy No. 87–0251.**

**Related Case No. 87–01638.**

United States Bankruptcy Court, N.D. Ohio, W.D.

May 26, 1988.

John P. Donahue, Perrysburg, Ohio, for plaintiff.

John P. Korn, Toledo, Ohio, for defendants.

### MEMORANDUM OPERION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Cross Motions for Summary Judgment.

The Court has reviewed the Memoranda and affidavits, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that Plaintiff's Motion for Summary Judgment should be Denied, and Defendants' Motion for Summary Judgment should be Denied.

### FACTS

The parties appear to agree to the following facts for the purpose of the Motions filed. The Defendants, Maria Gargac and William Gargac, were the owners of a large white dog. Jean Stewart is the Plaintiff in this case, both individually and as next friend of Jennifer Stewart, the minor child who was injured.

On June 21, 1985, the Gargacs' dog was out on their porch. Jennifer Stewart apparently entered the Defendants' property and was severely bitten by the Gargacs' dog.

On June 8, 1987, Plaintiff filed a civil action in Wood County Common Pleas Court seeking recovery for the injuries caused by the dog bite. On July 20, 1987, Defendants filed a Chapter 7 Petition, and listed the personal injury lawsuit in their schedules. The Plaintiff filed this adversary case on October 30, 1987 to determine the dischargeability of damages resulting from the dog bite.

### LAW

■ Plaintiff's Complaint is brought under 11 U.S.C. § 523(a)(6), which states:

**§ 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

The terms "willful and malicious" are defined in the recent Sixth Circuit decision *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir. 1987), *cert. denied,* — U.S. —, 108 S.Ct. 156, 98 L.Ed.112. In that case, the Court of Appeals held that "willful" means the deliberate and intentional doing of an act that necessarily leads to injury. *Perkins,*

*supra,* at 394. In defining "malicious", the *Perkins* court quoted from 3 *Collier on Bankruptcy* ¶ 523.16 at 523–111 (15th ed. 1986):

An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite, or ill-will.

*Perkins, supra,* at 394.

Counsel for the Plaintiff cites a number of cases in support of different standards, such as *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), and subsequent cases which have held that *Tinker* is still controlling authority. *See, In re Rines*, 18 B.R. 666 (Bankr.M.D.Ga.1982); *In re Auvenshine*, 9 B.R. 772 (Bankr.W.D. Mich.1981); *In re Simmons*, 9 B.R. 62 (Bankr.S.D.Fla.1981). Basically, the *Tinker* decision interpreted "willful and malicious" to be a "reckless disregard" standard. However, the legislative history to § 523(a)(6) specifically overrules *Tinker*. *See,* 3 *Collier on Bankruptcy,* ¶ 523.16[1] at 523–115 (15th ed.1987). Moreover, the Supreme Court has declined to grant certiorari to hear cases, such as *Perkins*, which do not follow *Tinker v. Colwell, supra.* Accordingly, this Court will apply the standard set forth in *Perkins*.

Plaintiff has also asserted that any violation of statutory law constitutes a malicious act under § 523(a)(6). This argument was rejected by the United States District Court for the Northern District of Ohio in *Oregon Ford, Inc. v. Robert L. Claburn*, 89 B.R. 629 (N.D. Ohio 1987) (Potter, J.). While portions of the *Oregon Ford* Opinion have been overruled by *Perkins v. Scharffe, supra,* that portion of the decision appears unaffected.

■ Applying the *Perkins* standard to the facts in this case, it appears that genuine issues of material fact preclude Summary Judgment. Affidavits were submitted by both parties concerning the viciousness of the dog. The Plaintiff's affidavit states that the vicious propensities of the dog were known to the Plaintiff, and to the community. The Defendants' affidavit av-

ers that the Defendants had no knowledge that the dog had previously bitten or attacked anyone, and it had not shown any vicious propensities. In determining whether the Defendants' actions "necessarily" lead to injury, the dog's history of behavior would be relevant and material to the Court's decision. Other facts and circumstances may also have a bearing on the dischargeability of the Defendants' obligation. In short, Summary Judgment is not properly granted to either party based on the record before the Court.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that Plaintiff's Motion for Summary Judgment be, and is hereby, Denied.

It is FURTHER ORDERED that Defendants' Motion for Summary Judgment be, and is hereby, DENIED.