**In re Charles W. SMITH, Carrie Jane Smith, Debtors.**

**Roger C. BROOKS, Kiffen Jones, Plaintiffs,**

**v.**

**Charles W. SMITH, Defendant.**

**Bankruptcy No. 1–87–00641(7).**
**Adv. No. 1–87–0027.**

United States Bankruptcy Court, W.D. Kentucky.

Oct. 12, 1988.

Charles A. Goodman, III, Glasgow, Ky., for plaintiffs.

Mark H. Flener, Bowling Green, Ky., for defendant.

### MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This case is before the Court on the Plaintiffs' Motion for Summary Judgment pursuant to Fed.R.Civ.Pro. 56(b) and Fed.

R.Bank.Pro. 7056. We have reviewed the parties' Memorandum in support of and in opposition to the Motion and, for the reasons set forth below, conclude that it must be OVERRULED.

A brief summary of the facts giving rise to this adversary proceeding is required. On July 21, 1983 Roger C. Brooks and Kiffen Jones ("Plaintiffs") filed a lawsuit in Barren Circuit Court against Billy C. Smith a/k/a Charles W. Smith ("Debtor"), Joe Stewart and Jim Kellum. The Complaint against the Debtor alleged that he knowingly aided, counseled and assisted Joe Stewart and Jim Kellum in selling a stolen 1976 Corvette to the Plaintiffs for $4,700.00; that the vehicle was subsequently resold by the Plaintiffs to John McGee for $6,000.00, whereupon it was discovered that the vehicle was stolen and Plaintiffs had been required to reimburse Mr. McGee his payment of $6,000.00. The Complaint further alleged that the conduct of the Debtor, Stewart and Kellum constituted fraud and a willful and wanton disregard for the rights of the Plaintiffs. On May 15, 1987, trial was held on these actions and a jury returned a verdict in favor of the Plaintiffs against the Debtor and Smith awarding $6,000.00 in compensatory damages against the Debtor. The jury further found that the Debtor acted maliciously, willfully or wantonly, and that same was a substantial factor in causing a financial loss to the Plaintiffs. Punitive damages were awarded to the Plaintiffs against the Debtor for $500.00.

On September 24, 1987, the Debtor and his wife filed for Chapter 7 relief scheduling the judgment debt due the Plaintiffs to be discharged. On January 4, 1988, the Plaintiffs filed this adversary proceeding against the debtor for nondischargeability of the debt pursuant to 11 U.S.C. § 523(a)(6). The Plaintiffs have now filed a Motion for Summary Judgment arguing that the doctrine of collateral estoppel bars relitigation by this Court of whether the injury to the Plaintiffs was willful and malicious as defined by 11 U.S.C. § 523(a)(6). The Plaintiffs contend that this issue had already been litigated in the State court proceeding, with a specific finding that the Debtor acted maliciously, willfully or wantonly.

■ Before a state court judgment is entitled to collateral effect in a bankruptcy proceeding, three requirements must be satisfied: (1) the precise issue in the latter proceeding must have been raised in the prior proceeding; (2) the issue must have been actually litigated in the former proceeding; and (3) it was necessary for the Court in the former proceeding to consider the evidence presented on that issue in arriving at its Judgment. *Spillman v. Harley*, 656 F.2d 224 (6th Cir.1981). To determine whether the Debtor–Defendant is estopped from relitigation of the issued raised in the state court proceeding, we must decide whether the issue of "willful and malicious injury" within the meaning of 11 U.S.C. § 523(a)(6) was actually litigated in the state court proceeding. To do so, we must compare the standards utilized in the state court action to the standards necessary for a determination of dischargeability under 11 U.S.C. § 523(a)(6). *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

While the definition of "willful and malicious" is not found in the Bankruptcy Code, the Sixth Circuit has recently held that for an act to be both willful and malicious within the meaning of Section 523(a)(6), the plaintiff must prove "... a wrongful act done intentionally which necessarily produces harm and is without just cause or excuse...." *Perkins v. Scharffe*, 817 F.2d 392, 394 (6th Cir.1987).

■ In the state court proceeding, the jury instructions, pursuant to which the verdict was given and the judgment entered, provided the definitions of "punitive damages" and "wanton" for the jurors in deciding whether or not the Defendant acted maliciously, willfully or wantonly. Relevant portions of the instructions are as follows:

### INSTRUCTION NO. 3

'Punitive Damages' goes beyond the actual damages suffered in the case; they are allowed as a punishment of the

defendant for outrageous conduct and to discourage the defendant and others from similar conduct in the future. Punitive damages are authorized only when the circumstances surrounding a tortious act include malice, willfullness, or a reckless or wanton disregard for the rights of others without adequate provocation or justification.

'Wanton' A person acts wantonly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

We think that a careful reading of the jury instructions reveals four distinct standards set forth for the jury in awarding punitive damages. The jury could have awarded punitive damages if the Defendant acted willfully, maliciously or with reckless or wanton disregard for the rights of others without provocation or justification. While the first two standards (willful or malicious) are identical to the bankruptcy standard, the last two standards (reckless or wanton disregard for the rights of others, etc.) clearly represent a less stringent standard than the bankruptcy standard since no finding of intent is required. Since the jury could have awarded punitive damages to the Plaintiff based on a finding that the Defendant acted with reckless or wanton disregard for the rights of others, we can not find that the issue of 'willful and malicious injury' was actually litigated in the state court proceeding.

Accordingly, we find that the *Spillman* requirements for collateral estoppel are not fully satisfied and, therefore, the issues raised in the state court action can be relitigated in this forum. Since there remains genuine issues of material facts, this case is not ripe for summary judgment.

This Memorandum–Opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bank.Pro. 7052.

An Order consistent herewith will be entered this day.