**In re Eldon CLARK, Betty Clark, Debtors.**

**Lizzie SMITH, et al., Plaintiffs,**

**v.**

**Eldon CLARK, et al., Defendants.**

**Bankruptcy No. 1–89–00576.
Adv. No. 89–0107.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 1, 1990.

Mark D. Tolles, Bowling Green, Ohio, for plaintiffs.

Jerry P. Purcel, Toledo, Ohio, for debtors.

### OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND EXCEPTING DEBTS FROM DISCHARGE

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon plaintiffs' motion for summary judgment of their complaint to determine dischargeability of debt and avoidance of lien, to which defendants have failed to respond. Upon consideration thereof, the court finds that said motion is well taken and should be granted, and that plaintiffs' debts should be excepted from discharge.

### FACTS

On March 3, 1989, Debtors/defendants Eldon Clark and Betty Clark filed their voluntary petition under chapter 7. They listed the plaintiffs in this adversary as creditors having unsecured claims without priority. Plaintiffs, on June 9, 1989, filed the instant complaint against Debtors to determine dischargeability of debt, premised upon 11 U.S.C. § 523(a)(6), and to avoid the lien of Star Bank. Defendant Star Bank has been dismissed from this action by plaintiffs. *See* Order (February 20, 1990).

Plaintiffs' complaint against Debtors is based upon judgments rendered in favor of plaintiffs as a result of a state court action against Debtors. After a trial upon plaintiffs' state court complaint, the Court of Common Pleas of Sandusky County, Ohio awarded judgments to plaintiffs herein as a result of Debtors' conducting "a systematic reign of terror along" a lane traversed by plaintiffs herein, owned by Debtors. *See* Motion for Summary Judgment, Exhibit A at 5. This judgment entry was appealed to the Sixth Appellate District Court of Appeals of Ohio; the judgment was affirmed. *Id.*, Exhibit B.

On February 15, 1990, plaintiffs filed the instant motion for summary judgment requesting a determination that the debts owed plaintiffs are not dischargeable. Although Debtors have been granted two extensions of time in which to respond to plaintiffs' motion, to date, no response has been filed.

### DISCUSSION

Plaintiffs' motion may be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c) (made applicable by Bankruptcy Rule 7056). Resolution of plaintiffs' complaint is governed by 11 U.S.C. § 523(a)(6), which provides that—

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

* * * * * *

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Plaintiffs state that:

the judgments granted against the [Debtors] herein were for willful and malicious injury by these [Debtors] to the plaintiffs herein. Under the provisions of § 523(a)(6) of the Bankruptcy Code debts which arise out of willful malicious injuries are not debtful. From a reading of the Judgment Entry of the Trial Court and the opinion of the Court of Appeals it is apparent that the judgments to the individual plaintiffs in this case are not dischargeable....

Motion for Summary Judgment at 2–3. Plaintiffs' contention is, thus, premised upon collateral estoppel.

The standard to determine the applicability of collateral estoppel requires:

that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome.

*Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir.1981) (citations omitted). The court further specified that:

[i]f a state court should determine factual issues using standards identical to those in dischargeability proceedings, then collateral estoppel—if held to be applicable and in the absence of countervailing statutory policy—would bar relitigation of those issues in the bankruptcy court.

* * * * * *

This Court holds that where all the requirements of collateral estoppel are met, collateral estoppel should preclude relitigation of factual issues.

*Id.* at 227–28. *See also In re Pitner*, 696 F.2d 447 (6th Cir.1982) (collateral estoppel applies if the state court record reflects a finding that the issue of willful and malicious action on the part of the Debtor was litigated in the state court and was necessary to the state court decision); *In re McQueen*, 102 B.R. 120 (Bkrtcy.S.D.Ohio 1989) (collateral estoppel is to be given effect if the issue sought to be precluded is identical to the one in the prior action; the issue was actually litigated in the prior action; the prior determination resulted in a valid and final judgment; and the determination of facts for which preclusion is sought was necessary to the outcome); *In re Gaebler*, 88 B.R. 62, 18 B.C.D. 332 (E.D. Pa.1988) (in order to bar relitigation of the dischargeability issue the court must find: 1) that the issue sought to be precluded is the same as that involved in the prior action; 2) that issue must have been actually litigated; 3) that the issue has been determined by a valid and final judgment; and 4) that the determination of the issue was essential to the prior judgment (citations omitted)).

In order to determine the applicability of collateral estoppel to the instant adversary and the prior judgment obtained in state court, the court must review the standard for determining willful and malicious injury, excepting a debt resulting therefrom from discharge. That is,

[i]n order to fall within the exception of section 523(a)(6), the injury to an entity or property must have been willful and malicious. An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite, or ill-will. The word "willful" means "deliberate or intentional," a deliberate and intentional act which necessarily leads to injury.

*Perkins v. Scharffe*, 817 F.2d 392, 394 (6th Cir.1987) (citing 3 Collier on Bankruptcy 523–11 (15th ed. 1986)), *cert. denied* 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987). *See also Wheeler v. Laudani*, 783 F.2d 610 (6th Cir.1986) (in following *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), the sixth circuit stated that " 'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or

specific intent to do harm"); *Gaebler, supra* (we adopt the majority view that a creditor need only prove that a Debtor intentionally committed an act, without just cause or excuse which necessarily produces injury, in order to successfully challenge dischargeability under § 523(a)(6)); *In re Tinkham*, 59 B.R. 209, 14 B.C.D. 382, 15 C.B.C.2d 356 (Bkrtcy.D.N.H.1986) (to establish a ground for nondischargeability of a debt under § 523(a)(6), it must be proven that the Debtor engaged in deliberate acts which he knew were certain or substantially certain to result in injury; if this is established the debt will remain nondischargeable even though the resulting harm was not the "primary" purpose of the intentional acts); *In re Adams*, 21 B.R. 301, 9 B.C.D. 318 (Bkrtcy.N.D.Ohio 1982) (intent to do the wrongful act is sufficient and constitutes the willful part of the act (citation omitted)).

 In determining whether the debt in issue resulted from Debtor's willful acts, the court must find a "deliberate intentional act which necessarily leads to injury." *Perkins*, 817 F.2d at 394. Upon review of the record, the court notes that the Common Pleas of Sandusky County, Ohio, made the following findings of fact:

> 1. [Debtors] didn't want residents of the two lanes to use the existing lane anymore so they dug trenches in the existing ... Lane; put up "no trespassing" signs on the lane; had areas bulldozed in the lane; had debris deposited on the lane; had posts cemented and gravel piled on the lane which made the lane virtually impassable; and created safety hazards which made it passable for fire equipment in "creeper gear" only.... Further several witnesses credibly testified that [Debtors] made negative verbal references to the fact that Hispanics had purchased some of the Meadows property.

Motion for Summary Judgment, Exhibit A at 2–3. The court also made findings of fact regarding each plaintiff herein, reflecting conduct of Debtors, including verbal harassment, causing injury to each plaintiff, including fear and exacerbation of physical conditions. *See id.* at 3–5. Based

upon the state court findings, this court finds that Debtors' conduct reflects deliberate and intentional actions which lead to injuries sustained by plaintiffs.

 In order to find that Debtor's act was malicious, the court must find that it was wrongful and without just cause. *Perkins*, 817 F.2d at 394. Based on the foregoing state court findings, this court concludes that Debtors' conduct was wrongful and without just cause.

 In order to resolve plaintiffs' motion for summary judgment and adjudicate their complaint, this court must determine that the state court's judgment represents litigation of the § 523 elements stated above and that those issues have been determined by a valid and final judgment. The common pleas judgment was entered after eight days of testimony, and, as previously discussed, the state court judgment reflects a determination of Debtors' willful and malicious conduct causing injury. Furthermore, that common pleas judgment was appealed to the court of appeals for the sixth appellate district which court affirmed that judgment. Thus, Debtors may not, now, relitigate these issues.

Finally, because plaintiffs' motion is supported by exhibits and evidences that plaintiffs are entitled to judgment as a matter of law and because Debtors have failed to come forward establishing that there is a genuine issue of material fact, the court finds plaintiffs' motion for summary judgment well taken. It is therefore

ORDERED that plaintiffs' motion for summary judgment be, and it hereby is, granted. It is further

ORDERED that Debtors' debts owing to plaintiffs as a result of Debtors' willful and malicious injuries to plaintiffs be, and they hereby are, excepted from discharge.