In re Vincent P. GRZYWACZ, Debtor.

Irene PARKER, Plaintiff,

v.

Vincent P. GRZYWACZ, Defendant.

Bankruptcy No. 94–47413–R.
Adv. No. 94–4946–R.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

June 6, 1995.

Michael Hughes, Bloomfield Hills, MI, for plaintiff.

Robert McWhorter, Bloomfield Hills, MI, for defendant.

or § 523(a)(6), for willful and malicious injury.

### OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

STEVEN W. RHODES, Chief Judge.

This adversary proceeding was filed by the plaintiff to determine the dischargeability of a debt. Count I seeks a determination that the debt is nondischargeable under § 523(a)(4). Count II seeks the same relief under § 523(a)(6). The defendant filed the present motion for dismissal, or, in the alternative, summary judgment. The Court now holds that the plaintiff's complaint should be dismissed.[1]

### I.

The plaintiff, Irene Parker, was employed by the accounting firm of Grzywacz & McCarter, P.C. While there, she suffered a work related injury. In 1985, Parker was awarded workers' compensation benefits. Grzywacz & McCarter did not maintain workers' compensation insurance, so Parker brought suit in Macomb County Circuit Court against the principals of the company to collect the award. The defendants in that suit included Vincent Grzywacz (the defendant/debtor in the present case), as well as Robert McCarter, Thomas and Jeannie Grzywacz (the debtor's parents), and Thomas Grzywacz, Jr. (the debtor's brother). On August 28, 1986, the court entered a judgment against all of the defendants, except Robert McCarter. The amount of the judgment was $86,682.05 plus 10% interest until paid, as well as continuing benefits of $164.44 per week. Since that time, Parker has attempted to enforce her judgment against the various defendants.

On July 22, 1994, Vincent Grzywacz filed for chapter 7 relief. On October 18, 1994, Parker filed the present adversary proceeding attempting to have the debt declared nondischargeable under § 523(a)(4), for defalcation while acting in a fiduciary capacity,

### II.

11 U.S.C. § 523(a)(4) provides in pertinent part that a discharge under Section 727 does not discharge an individual debtor from any debtor for fraud or defalcation while acting in a fiduciary capacity. Parker contends that Grzywacz's failure to maintain workers' compensation insurance constitutes a breach of a known duty which constitutes a defalcation. Parker offers no case law supporting this proposition and her argument misconstrues the word "defalcation." Defalcation is a misappropriation of money. *Black's Law Dictionary* 504 (4th ed. 1968). A breach of a duty does not constitute a defalcation. Moreover, cases have consistently held that an employer with an obligation to obtain workers' compensation insurance does not serve as a fiduciary for the employee. *See In re Verhelst*, 170 B.R. 657 (Bankr.W.D.Ark.1993); *In re Peel*, 166 B.R. 735 (Bankr.W.D.Okla.1994); *In re Collins*, 109 B.R. 541 (Bankr.D.Mass.1989). Parker's reliance on § 523(a)(4) is without merit. Count I of the complaint must therefore be dismissed.

Parker next contends that she is entitled to relief under section 523(a)(6) which provides in pertinent part that any debt for willful and malicious injury by the debtor to another entity is excepted from the discharge. The controlling case in the Sixth Circuit defines "willful" to mean deliberate or intentional, a deliberate or intentional act which necessarily leads to injury. *Perkins v. Scharffe*, 817 F.2d 392, 394 (6th Cir.1987). "Malicious" is defined as a wrongful act, committed without just cause or excuse, even in the absence of personal hatred, spite or ill-will. *Id.*

Parker contends that Grzywacz's failure to maintain workers' compensation insurance caused her injury in that she was denied her workers' compensation benefits. She further argues that this injury was willful and malicious because Grzywacz inten-

---

1. The defendant also argued that the plaintiff was collaterally estopped from raising the issue of dischargeability. However, due to the Court's ruling, that argument will not be addressed.

tionally failed to maintain the insurance with the knowledge that failure to do so could cause economic injury.

Grzywacz contends that Parker's § 523(a)(6) claim must be dismissed because failure to maintain workers' compensation insurance is not substantially certain to cause injury, it is merely a possibility in the event of a work-related injury.

Under the Sixth Circuit's definition for "willful," Count II of Parker's complaint must be dismissed. In order for the defendant's act to be willful, it must *necessarily* lead to the plaintiff's injury. A mere possibility of economic injury in the event of a work-related injury does not satisfy the test for "willful." [2]

For the foregoing reasons, the defendant's motion to dismiss the plaintiff's complaint must be granted. An appropriate order is entered herewith.

---

2. The Court recognizes that other districts have denied the discharge under § 523(a)(6) in similar circumstances, see *In re Holmes*, 53 B.R. 268 (Bankr.W.D.Pa.1985); *In re Erickson*, 89 B.R. 850 (Bankr.D.Idaho 1988); *In re Strauss*, 99 B.R. 396 (N.D.Ill.1989); *In re Saturday*, 138 B.R. 132 (Bankr.S.D.Ga.1991); *In re Peel*, 166 B.R. 735 (Bankr.W.D.Okla.1994), however, this Court is not bound by those decisions, especially in light of the Sixth Circuit's holding in *Perkins*.