**In re Ida Lee BULLOCK–WILLIAMS, Debtor.**

**SALEM BEND CONDOMINIUM ASSOCIATION, Section One, Plaintiff–Appellant,**

**v.**

**Ida Lee BULLOCK–WILLIAMS, Defendant–Appellee.**

**BAP No. 97–8111.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Submitted March 13, 1998.

Decided June 3, 1998.

Ida Lee Bullock–Williams, Dayton, OH, Pro se.

Robert B. Berner, Scott A. Liberman, on brief, Altick & Corwin, Dayton, OH, for Appellant.

Before: BAXTER, LUNDIN, and STOSBERG, Bankruptcy Appellate Panel Judges.

### OPINION

Salem Bend Condominium Association appeals the decision of the bankruptcy court dismissing its dischargeability complaint under 11 U.S.C. § 523(a)(6). In light of the Supreme Court's holding in *Kawaauhau v. Geiger,* —— U.S. ——, 118 S.Ct. 974, —— L.Ed.2d —— (1998), that the intent required for willful and malicious injury is the intent to cause the resultant harm, we affirm.

## I. ISSUES ON APPEAL

Whether the breach of a contractual obligation to pay condominium fees constitutes willful and malicious injury for purposes of 11 U.S.C. § 523(a)(6).

## II. JURISDICTION AND STANDARD OF REVIEW

Pursuant to authorization from the United States District Court for the Southern District of Ohio, this appeal is before the Bankruptcy Appellate Panel of the Sixth Circuit. The appeal arises from the bankruptcy court's dismissal of a creditor's complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(6). Dismissal of a complaint is subject to de novo review. *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 857 (B.A.P. 6th Cir.1997) (citing *Joelson v. United States*, 86 F.3d 1413 (6th Cir.1996)). The proper application of the provisions of the Bankruptcy Code is a legal issue and is also subject to de novo review. *Andersson v. Security Fed. Savs. & Loan of Cleveland (In re Andersson)*, 209 B.R. 76 (B.A.P. 6th Cir. 1997) (citing *Rogers v. Laurain (In re Laurain)*, 113 F.3d 595 (6th Cir.1997)). Accordingly, the Panel will review the dismissal of the complaint and application of § 523(a)(6) independent of the bankruptcy court's determination.

## III. FACTS

Ida Lee Bullock–Williams (the Debtor) filed for relief under Chapter 7 in March of 1997. The Debtor has filed five previous bankruptcy petitions, with four of them dismissed under Chapter 13. Prior to the filing of the petition from which this appeal arises, the Debtor was the owner of a condominium unit in the Salem Bend Condominium Association, Section One. Her interest therein was foreclosed upon prepetition. The Debtor owed Salem Bend homeowners fees.

Salem Bend filed a complaint challenging the dischargeability of the unpaid fees under 11 U.S.C. § 523(a)(6) alleging that the Debtor intentionally failed to pay condominium dues since July of 1991 and that she abused the bankruptcy process with multiple filings in order to avoid paying. The Debtor acknowledged that the condominium fees were due, but stated that while she was in bankruptcy she believed the payments were being made by the Chapter 13 trustee, and when she was not in bankruptcy she believed payments were being made to the association by her family.

The bankruptcy court found that "it is not wrong in a legal sense under § 523(a)(6) not to pay your debts.... There has to be this wrongful act, that's done intentionally, which necessarily produces harm, and is without just cause or excuse." *Salem Bend Condominium Ass'n, Section One v. Bullock–Williams (In re Bullock–Williams)*, Case No. 96–34551, Adv. No. 97–3184 (Bankr. S.D.Ohio Nov. 19, 1997)(App. at 16, Tr. of 11/19/97 at 50). In addition, although the Debtor was the subject of multiple voluntary bankruptcy filings, none had been dismissed upon a finding that it had been filed in bad faith. Accordingly, the bankruptcy court found that there was no wrongful act committed by the Debtor, and that Salem Bend did not meet its burden of proof under § 523(a)(6). The debt was discharged, and the complaint dismissed. Salem Bend appealed.

## IV. DISCUSSION

Section 523(a)(6) of the Bankruptcy Code provides: "(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-....(6) for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Salem Bend asserts that nonpayment of a contractual obligation can be a willful and malicious injury making it nondischargeable under § 523(a)(6). Citing the Sixth Circuit's decision in *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir.1987), *cert. denied*, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987), Salem Bend alleges that it demonstrated that the Debtor's conduct in not paying the association dues was intentional and met the "willful and malicious" specifications of § 523(a)(6). It further contends that, pursuant to the Sixth Circuit's decision in *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986), it has shown that the

Debtor's willful nonpayment was a violation of her duty to the association.

In *Perkins*, the Sixth Circuit found that:

"In order to fall within the exception of section 523(a)(6), the injury to an entity or property must have been willful and malicious. An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite, or ill-will. The word "willful" means "deliberate or intentional," a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury."

817 F.2d at 394 (quoting 3 COLLIER ON BANKRUPTCY ¶ 523.16, at 523-111 (15th ed.1986)). Similarly in *Wheeler*, the Sixth Circuit found that " '[m]alicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Wheeler*, 783 F.2d at 615 (citations omitted). Salem Bend asserts that the nondischargeability of its debt is supported by the reasoning of *Perkins* and *Wheeler* which make an intentional act that results in an injury sufficient cause to determine a debt is nondischargeable, regardless of the debtors intent to cause harm.

■ The formulation in *Perkins* and *Wheeler* of the intent necessary to find a debt nondischargeable under § 523(a)(6) has been overruled by the Supreme Court in *Geiger*. The Supreme Court, in *Geiger*, addressed the scope of the "willful and malicious injury" exception. The question as phrased by the Supreme Court was, "[d]oes 523(a)(6)'s compass cover acts, done intentionally, ... that cause injury ..., or only acts done with the actual intent to cause injury?" *Geiger*, —— U.S. at ——, 118 S.Ct. at 977. The Court found that "[t]he word 'willful' as defined in Black's Law Dictionary means 'voluntary' or 'intentional.' Black's Law Dictionary 1434 (5th ed.1979). Consistently, legislative reports note that the word 'willful' in 523(a)(6) means 'deliberate or intentional.' " *Id.* at —— n. 3, 118 S.Ct. at 977 n. 3 (citations omitted). Since "[t]he word 'willful' in (a)(6)

modifies the word 'injury,' " the indication is "that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Id.* A "more encompassing interpretation could place within the excepted category a wide range of situations in which an act is intentional, but injury is unintended, i.e., neither desired nor in fact anticipated by the debtor ....[such as a] 'knowing breach of contract'...." *Id. (citation omitted)*. *Perkins* is cited by the Supreme Court in a list of cases that are contrary to the interpretation of § 523(a)(6) adopted in *Geiger*. Accordingly, we are constrained to apply the new standard enunciated by the Supreme Court in *Geiger*.

■ Applying *Geiger*, Salem Bend must demonstrate that the Debtor intended to cause harm by failing to pay association dues. This encompasses more than just the "knowing breach of contract" that was alleged. Although the record reflects that the Debtor had multiple bankruptcy filings and that four prior Chapter 13 cases were dismissed, it does not reflect that any of the filings were dismissed for bad faith. With regard to payment of fees to Salem Bend, the Debtor testified that she believed that her payments were being made by the Chapter 13 trustee while she was in bankruptcy and that her children were making the payments when she was outside of bankruptcy. (App. at 38; Tr. of 11/19/97 at 16). The record does not reflect that this particular testimony was controverted. Although it was established that the Debtor failed to pay her condominium association dues, Salem Bend failed to demonstrate that the Debtor acted with intent to cause it harm in not making the payments. The bankruptcy court's construction of § 523(a)(6) as it applied to the facts in this case was not in error.

## V. CONCLUSION

The decision of the bankruptcy court is AFFIRMED.