In re Michael G. MORRIS, Debtor.

**West American Insurance Company, Plaintiff,**

v.

**Michael G. Morris, Defendant.**

Bankruptcy No. 98–20245.
Adversary No. 98–2023.

United States Bankruptcy Court,
E.D. Kentucky,
Covington Division.

Feb. 17, 1999.

Dennis S. Risch, Cincinnati, OH, for plaintiff.

James A. Kidney, Newport, KY, for defendant.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Chief Judge.

This matter is before the Court having been submitted for decision on the record by an Agreed Entry Granting Motion for Judgment on the Record entered herein on November 17, 1998. The issue before the Court is the dischargeability of a debt owed to the plaintiff by the debtor. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). For the reasons set out below, this Court has determined that the subject debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

In the record before the Court were Joint Stipulations which set out the following pertinent facts:

On July 22, 1996, the defendant, an employee of a Skyline Chili ("Skyline") restaurant located in Newport, Kentucky, entered into those premises without the permission of the owner, and committed a third degree burglary as defined in KRS 511.040, taking and/or damaging property of the owner. The premises were insured by the plaintiff with business liability insurance covering loss caused by theft and/or vandalism. (The plaintiff is one of several insurance companies grouped under the name of The Ohio

Casualty Group of Insurance Companies.) On July 23, 1996, Skyline reported the offense to the Newport Police Department which generated a Uniform Offense Report setting out the offense of third degree burglary resulting in a property loss in the amount of $1,433.99.

It was further stipulated that Skyline submitted a claim to the plaintiff in the amount of $5,505.10, of which $2,456.99 was money taken, and $3,048.11 was damage to personalty or realty. Skyline had a $250.00 deductible under the loss provisions of the insurance policy and was damaged in that amount. Pursuant to the policy, the plaintiff paid to or on behalf of Skyline the sum of $5,255.10 and became subrogated in that amount.

The defendant was charged with burglary, and on November 6, 1996, pleaded guilty to that offense in open court. The defendant admitted that he entered into the subject premises and committed a criminal act causing loss to the owner. Sentence was pronounced on the defendant on December 17, 1996, which in part required him to pay Skyline $250.00 and Ohio Casualty the sum of $1,183.99, as set forth in the court's Judgment and Sentence on Plea of Guilty. The restitution amount was consistent with the amount set out on the Newport Police Department's Uniform Offense Report. The Judgment and Sentence on Plea of Guilty also provided that the plaintiff was not precluded from seeking additional restitution by separate civil action.

On August 7, 1997, the plaintiff and Skyline filed a civil suit in Campbell Circuit Court, Case No. 97–CI–933, against the defendant, seeking reimbursement for the damages caused as a result of his criminal act. The defendant was properly served with the Complaint, but failed to answer or otherwise respond to the pleadings, and on October 6, 1997, the Court entered a Default Judgment in favor of the plaintiff and Skyline in the amount of $5,505.10 plus interest and court costs. The defendant filed his petition in this Court on February 20, 1998. On June 12, 1998, counsel for the plaintiff and Skyline received a check in the amount of $1,376.50, representing partial payment under the restitution order set forth in the Judgment and Sentence on Plea of Guilty.

The plaintiff argued that the debt set out above is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) and (6) because it arose from larceny and willful and malicious injury to the property of another. The basis of this contention was that it was stipulated that Skyline suffered a break-in, that money was taken and property damaged during the break-in, and that with the exception of the deductible, the plaintiff paid the damages to Skyline, all as a result of the defendant's criminal actions.

█ In a case similar in many ways, *In re Benson*, 180 B.R. 796 (Bkrtcy.W.D.Pa.1995), the debtor committed a burglary and stole a car. The car owner's insurer paid him $10,-826.00 for the value of the car. The court noted that the debtor "committed burglary in entering plaintiff['s] garage and committed larceny in breaking into the vehicle, driving it away, and using it as his own for several years before he was apprehended." *Id.* at 801. Nearly four years after the burglary the car was recovered and the debtor was arrested. Pursuant to a plea agreement the debtor pled guilty to charges of burglary and theft by unlawful taking. In an adversary proceeding, the car owner and the insurance company sought compensatory damages in the amount of $10,826.00, and further sought a ruling that the debt was nondischargeable pursuant to § 523(a)(4) or (6). The debtor failed to answer, and a default judgment was entered awarding the plaintiffs the amount sought and declaring it nondischargeable pursuant to § 523(a)(4) and/or (6).

The plaintiff here contended that the subject debt should be declared nondischargeable pursuant to § 523(a)(4) as a debt arising from an act of larceny. This Court agrees. Larceny is the "taking of property from the possession of another without his consent and with intent to permanently deprive him of possession." *United States v. Sellers*, 670 F.2d 853 (9th Cir.1982). *See also United States v. Posner*, 408 F.Supp. 1145, 1150 (D.Md.1976). There is no doubt that the defendant committed larceny, having admitted that he took property belonging to Sky-

line. The debt is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

■ The debt is also nondischargeable pursuant to § 523(a)(6). That section provides that a debt "for willful and malicious injury by the debtor to another entity or the property of another entity" is nondischargeable. The Supreme Court recently addressed the scope of the "willful and malicious injury" exception. It ruled that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), at 977. *See also In re Bullock–Williams*, 220 B.R. 345 (6th Cir. BAP 1998). The defendant here has admitted by his guilty plea that he entered Skyline's premises with the intent to commit a crime, and the evidence before the Court is that he both damaged and took property belonging to Skyline during the commission of that crime. There is therefore no question that he intended to injure Skyline, and in fact did.

■ The only question remaining before the Court is the amount of the debt. The defendant argued that he had already satisfied his indebtedness to the plaintiff by paying court-ordered restitution. He seemed to contend (without citation to any authority) that because the amount claimed by the plaintiff was awarded in an "action outside of criminal court and outside the court-ordered restitution amount," it was dischargeable. This Court disagrees. First of all, the Judgment and Sentence on Plea of Guilty provided that the plaintiff was not precluded from seeking additional restitution by separate civil action. Next, there is the fact that the defendant had a default judgment entered against him in the civil action. He had the opportunity to dispute the amount that he owed, and he apparently chose not to.

■ Kentucky gives preclusive effect to default judgments. *See Davis v. Tuggle's Admr.*, 297 Ky. 376, 178 S.W.2d 979 (1944). Further, in *In re Calvert* (*Bay Area Factors, a Division of Dimmitt & Owens Financial, Inc. v. Calvert*), 105 F.3d 315, 318 (6th Cir.

1997), the Court of Appeals held that a party who permits a default judgment to be entered confesses the truth of all material allegations in the complaint, so that a default judgment is as conclusive upon the issues tended by the complaint as if rendered after an answer is filed and a trial held on the allegations. Collateral estoppel therefore precludes the defendant from attempting to relitigate the issue of the amount he owes here.

In consideration of all of the foregoing, it is therefore the opinion of this Court that the defendant is indebted to the plaintiff in the amount of $5,255.10 plus interest at the rate of 10% per annum from the date of judgment and court costs, and that that amount is nondischargeable in bankruptcy pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6). An order in conformity with this opinion will be entered separately.