**VULCAN COALS, INC.; Ernest Fetner; Janice Fetner, Plaintiffs–Appellants,**

v.

**Laurence B. HOWARD, Jr., Defendant–Appellee.**

No. 90–5643.

United States Court of Appeals, Sixth Circuit.

Argued July 16, 1991.

Decided Oct. 18, 1991.

amount of $250,000. The bankruptcy court granted defendant's motion for summary judgment with respect to the first $150,000 of the total loan in dispute, finding that plaintiffs had failed to produce any proof of fraudulent activity on the part of Howard concerning the initial loan of $150,000. The court also held that plaintiffs had failed to allege a cause of action under 11 U.S.C. section 523(a)(6) in their complaint. The bankruptcy court did not allow plaintiffs to amend their complaint in this regard. The district court affirmed the bankruptcy court in all respects.

Plaintiffs have appealed and maintain: (1) the adversary complaint pleaded a cause of action under 11 U.S.C. section 523(a)(6); and (2) the district court erred in affirming the bankruptcy court's denial of their motion to amend the complaint. Because we conclude that plaintiffs' complaint sufficiently alleged a theory of recovery under section 523(a)(6), we will REVERSE and REMAND the case.

We set out the virtually undisputed facts. Howard became chairman of the board of Norton Coal Corporation (Norton Coal) and has been actively involved in its operations since 1976. At the time of the filing of his 1987 bankruptcy petition, Howard was president, chairman of the board and sole shareholder of Norton Coal. In the fall of 1984, plaintiff Vulcan loaned Norton Land Corporation (Norton Land), a subsidiary of Norton Coal, $150,000 secured by a note personally guaranteed by Howard and accompanied by a mortgage on five tracts of land owned by Norton Land. At the special insistence of Howard and Norton Coal, the mortgage was not recorded by Vulcan until January 10, 1986.

On June 12, 1985, Norton Land conveyed the property encumbered by Vulcan's mortgage to the American Energy Corporation of Georgetown, Grand Cayman, British West Indies (American Energy), for $500,000. The mineral estate was not included in this transaction. The sale was made without Vulcan's consent or knowledge and

Jeff S. Taylor, Owensboro, Ky. (argued and briefed), for plaintiffs-appellants.

E. Phillips Malone, Moore, Moore, Malone & Burlew, Owensboro, Ky. (argued and briefed), for defendant-appellee.

Before: KEITH, Circuit Judge, WELLFORD, Senior Circuit Judge, and GADOLA *, District Judge.

WELLFORD, Senior Circuit Judge.

Plaintiffs, Vulcan Coals, Inc. (Vulcan), Ernest Fetner, and Janice Fetner, filed an adversary complaint in bankruptcy court, seeking a judgment of non-dischargeability for a loan guaranty made by defendant, Laurence B. Howard, Jr., in the total

---

* The Honorable Paul V. Gadola, United States District Judge for the Eastern District of Michigan, sitting by designation.

Vulcan was never repaid its $150,000 from the proceeds of the sale to American Energy.

In the fall of 1985, Vulcan, without knowing that Norton Land had made the aforementioned conveyance, made a further loan of $100,000 to Norton Land and the terms of the original promissory note and mortgage were amended to reflect the additional indebtedness through an instrument styled "Amendment to and Extension of Promissory Note dated 12/10/84."

In 1987, Howard filed a petition in bankruptcy. Consequently, plaintiffs filed the adversary complaint objecting to his discharge of the $250,000 indebtedness due and owing it.

Title 11 U.S.C. § 523(a)(6) provides:
(a) A discharge under section 727, 1141,[ ] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.
(footnote omitted).

Plaintiffs' complaint includes the following language:
[Y]our Creditors would allege on information and belief that the Debtor [Howard] participated in the sale to third parties of said mortgaged property, and/or pledged the mortgaged property as collateral for other indebtedness, all in violation of the terms of said instrument(s), and all without notice to the Creditors, Vulcan Coals, Inc., Ernest Fetner and Janice Fetner, as mortgagees therein.

. . . .

[T]he Debtor, on behalf of the Maker, "Norton", requested in the negotiations of the initial Agreement, taking the position that it would disrupt ongoing negotiations with potential creditors and/or potential financ[i]ers as regards the Creditors, Vulcan Coals, Inc., Ernest Fetner

and Janice Fetner from recording the mortgage until and unless there were to be a default under the underlying $150,-000.00 Promissory Note.

Further, plaintiffs allege that "such *tactics were designed* to minimize in whole or in part or defeat in its entirety the priority and validity of the first mortgage as an instrument representing a pledge of fee simple interest and security of payment of said indebtedness." (Emphasis added). Finally, plaintiffs aver "the actions of Debtor were a con[c]erted, planned and deliberate effort to defraud the Creditors...."

Plaintiffs argue that a complaint filed in bankruptcy, as in district court, is required only to set out a short and plain statement of the claim under Fed.R.Civ.P. 8(a). Plaintiffs maintain that the complaint gave Howard "fair notice of the nature and basis for grounds for a claim and a general indication of the type of litigation involved," citing *Colonial Refrigerated Trans. Inc. v. Worsham*, 705 F.2d 821, 825 (6th Cir.1983). Plaintiffs maintain, in substance, that the complaint sufficiently alleged a cause of action under § 523(a)(6) of wrongful or fraudulent conversion.[1]

In Howard's motion for summary judgment, he addressed only recovery under § 523(a)(2)(A), not (a)(6). In response, plaintiffs argued their theory under § 523(a)(6) which they claim has been "litigated throughout the duration of the case." Whether a complaint alleges a cause of action is a question of law; the legal conclusions of the bankruptcy court in respect to the legal sufficiency of the complaint are reviewed *de novo*. *In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988).

The committee notes to § 523(a)(2)(A) provide that "willful" means deliberate or intentional. This court, when interpreting the terms "willful" and "malicious" in § 523(a)(6), has held that a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and mali-

---

1. *Black's Law Dictionary* 332 (6th ed. 1990), defines "conversion" as, among other things, "unauthorized and wrongful exercise of dominion and control over another's personal property, to exclusion of or inconsistent with rights of owner." We do not consider this definition to be confined to personal property, but that it also includes real estate.

cious injury. *Perkins v. Scharffe,* 817 F.2d 392, 394 (6th Cir.), *cert. denied,* 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987). We rejected the stricter standard that "willful" and "malicious" requires an act with intent to cause injury. We agreed with Collier that "an injury to an entity or property may be malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite, or ill-will." *Perkins,* 817 F.2d at 394, *quoting* 3 *Collier On Bankruptcy* 523–11 (15th ed. 1986).

■ We conclude, accordingly, that the intentional tort of conversion, then, meets the requirements of § 523(a)(6) for non-dischargeability when it is alleged (or proven) that the debtor intentionally transferred property to one who is not entitled to it without the authorization or approval of the one entitled to the property. *See Prosser & Keeton On Torts* 96 (5th ed. 1984). The complaint sufficiently alleges a cause of action under § 523(a)(6).[2]

■ The district court acknowledged that "fifteen [sic] paragraph complaint alleges that Howard had knowledge of and participated in the sale of the mortgaged property." Plaintiffs adequately alleged a theory of conversion although not specifically using that word; they alleged that Howard "participated in the sale to third parties of said mortgaged property ... in violation of the terms of said instrument(s), and all without notice to the Creditors." The complaint sufficiently avers that Howard did a wrongful act (the conversion) intentionally, which necessarily produced harm and was without cause or excuse. Thus, we hold that plaintiffs alleged a willful and malicious injury under § 523(a)(6).[3]

Since we find legal error by the bankruptcy court and by the district court, we find it unnecessary to discuss the second issue of amendment. We observe only that

Fed.R.Civ.P. 15 is applicable to amendments in the bankruptcy court.

We, accordingly, REVERSE and REMAND for further proceedings consistent with this opinion.

---

**2.** The bankruptcy court emphasized its consideration only of subsection (2)(A) by observing:

> In their complaint, the plaintiffs do not specify the particular Code section under which they are seeking nondischargeability. However, the facts alleged in their complaint

clearly assert a [ ] cause of action under 11 U.S.C. § 523(a)(2)(A).

**3.** Plaintiffs specifically pleaded Howard's actions as being "tactics" and as a "con[c]erted, planned and deliberate effort to defraud the Creditors."