**In re Gregory McDOWELL, Debtor.**

**John BALL, Guardian of the Estate of Joseph Brisboy, Plaintiff,**

v.

**Gregory McDOWELL, Defendant.**

Bankruptcy No. 93–30749.
Adv. No. 93–3138.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 8, 1993.

Thomas Pavlik, Cleveland, OH, for plaintiff.

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND EXCEPTING DEBT FROM DISCHARGE

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court upon John Ball, Guardian of the Estate of Joseph Brisboy's motion for summary judgment on his complaint (the "Complaint") to except the debt of Gregory McDowell ("Debtor") from discharge under 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6). The Court finds that Brisboy's motion is well taken and should be granted.

### FACTS

Debtor filed his petition under chapter 7 of title 11 on March 15, 1993.

The Estate of Joseph Brisboy ("Brisboy") brought this adversary proceeding on May 10, 1993. A pretrial was held on August 4, 1993. Brisboy filed a motion for summary judgment on August 20, 1993. To date, the Debtor has failed to answer the Complaint, file a response to Brisboy's motion for summary judgment or request an extension of time.

Joseph Brisboy was personally injured by the negligent conduct of a third party. The Debtor, who was a duly licensed attorney in Ohio, was retained by Joseph Brisboy's mother ("Tammy") to represent Joseph Brisboy in this personal injury action (the "Personal Injury Action").

On July 3, 1990, Debtor filed an application to approve minor settlement in Huron County Probate Court ("Huron Court"). On September 1, 1990, Debtor filed a second application to approve minor settlement. These matters were heard on October 24, October 31 and December 18 of 1990. The Huron Court denied the applications and ordered that an independent third party be appointed to review the minor settlement. On June 11, 1991, John Ball ("Ball") was appointed guardian of the estate of Joseph Brisboy.

On July 23, 1991, without notice to Ball or the Huron Court, the Debtor hired a Sandusky law firm to file "the necessary documents to approve the minor settlement in the Erie County Probate Court" ("Erie Court"). Debtor rented an apartment for Tammy in Erie County, paid the rent for the apartment and alleged that Tammy was a resident of Erie County. Neither Tammy nor Joseph Brisboy resided in Erie County.

On September 9, 1991, the Erie Court approved the "Application to Settle Minor's Claim" ("Erie Settlement").

Pursuant to a contingent fee contract, Debtor received $40,000.00 and the right to future payments of $72,000.00 as part of an annuity purchased in the Erie Settlement (the "Funds").

The Complaint states that the Debtor utilized false pretenses, false statements and perpetrated actual fraud on both Ball and the Erie Court. The Debtor knew these statements were materially false at the time when he made them. The Complaint also alleges that the Debtor had the actual intent to defraud.

Upon learning of the Erie Settlement, Ball filed a motion in the Erie Court to set aside this settlement. The Erie Court dismissed all court orders as void ab initio on May 7, 1992 for lack of jurisdiction.

On July 9, 1992, the Huron Court ordered the Debtor to return the Funds to Brisboy pending settlement of the Personal Injury Action.

The Debtor plead guilty to criminal falsification of documents in the Erie County Court of Common Pleas on December 14, 1992, in connection with the filing of the Erie Settlement.

On March 2, 1993, the Debtor was found in contempt of court for failure to return the Funds.

## DISCUSSION

### STANDARD FOR SUMMARY JUDGMENT

The Court should grant summary judgment to the movant "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed.R.Civ.P. 56(c), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7056.

The Supreme Court has noted that the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party must "identify[ ] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact". *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). However, the Court noted in *Anderson* that:

> Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.

*Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514.

The Sixth Circuit has interpreted the Supreme Court's summary judgment cases as requiring summary judgment where the nonmoving party has "relied on a forlorn hope that 'something would turn up at trial' " or "rel[ied] on the now invalidated duty of the trial court to search the record for some 'metaphysical doubt' as to a material fact that might be lurking there". *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1483–84 (6th Cir.1989) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986)).

### APPLICATION OF STANDARD FOR SUMMARY JUDGMENT TO THIS PROCEEDING

The Debtor's obligation to Brisboy is nondischargeable under 11 U.S.C. § 523(a)(2)(A). This debt is also nondischargeable as a defalcation under 11 U.S.C. § 523(a)(4). Lastly, The Debtor's obligation to Brisboy is nondischargeable as a willful and malicious injury to Brisboy's property under 11 U.S.C. § 523(a)(6).

**False Pretenses, False Representations or Actual Fraud Under 11 U.S.C. § 523(a)(2)(A)**

Section 523(a)(2)(A) requires a creditor to prove:

> that the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth. The creditor must also prove the debtor's intent to deceive. Moreover, the creditor must prove that it reasonably relied on the false representation and that its reliance was the proximate cause of the loss.

*Coman v. Phillips (In re Phillips)*, 804 F.2d 930, 932 (6th Cir.1986) (citations omitted).

█ The Debtor has not rebutted allegations that he obtained the Funds by making materially false representations to Ball and the Erie Court. In addition, the Debtor knew that these statements were materially false when he made them. These representations were made with the actual intent to defraud Brisboy.

█ Moreover, the Court concludes that the Erie Court and Ball reasonably relied on the representations made by the Debtor. A probate court acting to administer the guardianship estate of a minor is entitled to reasonably rely on statements made by attorneys practicing before the court in the administration of a guardianship estate. *See* Ohio Code of Prof.Resp. DR 7–102(A)(5) (a lawyer shall not "[k]nowingly make a false

statement of law or fact in representing his client"); *c.f. Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir.1993) ("[a]s an officer of the court, every attorney has a duty to be completely honest in conducting litigation"). A guardianship estate is similarly justified in relying on representations by its attorney.

Thus, the debt owed to Brisboy is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

**Fraud or Defalcation While Acting in a Fiduciary Capacity, Embezzlement or Larceny Under 11 U.S.C. § 523(a)(4)**

▇ The Debtor's obligation to Brisboy is also nondischargeable because of the Debtor's defalcation in his fiduciary capacity as Brisboy's attorney under 11 U.S.C. § 523(a)(4).

It is not enough that by the very act of wrongdoing out of which the contested debt arose, the [debtor] has become chargeable as a trustee ex maleficio. He must have been a trustee before the wrong and without reference thereto.... '[t]he language would seem to apply only to a debt created by a person who was already a fiduciary when the debt was created.'

*Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 154, 79 L.Ed. 393 (1934) (quoting *Upshur v. Briscoe*, 138 U.S. 365, 378, 11 S.Ct. 313, 317, 34 L.Ed. 931 (1891)).

The Debtor had a fiduciary duty to maintain the Funds at the time that he received the Funds.

As the Sixth Circuit observed in analyzing the predecessor of § 523(a)(4), "[t]he question of who is a fiduciary for purposes of section 17(a)(4) is one of federal law, although state law is important in determining when a trust relationship exists". *Carlisle Cashway, Inc. v. Johnson (In re Johnson)*, 691 F.2d 249, 251 (6th Cir.1982) (citations and footnote omitted).

In Ohio, the Code of Professional Responsibility places attorneys under a fiduciary duty to preserve the identity of client funds. *See* Ohio Code of Prof.Resp. DR 9–102(A) (requiring that "[a]ll funds of clients paid to a lawyer ... shall be deposited in one or more identifiable bank accounts"); Ohio Code of Prof.Resp. DR 9–102(B) (requiring a lawyer to "promptly notify a client of the receipt of

his funds", "[i]dentify and label securities and properties of a client promptly", "render appropriate accounts to [the] client" for funds received, and "promptly pay or deliver to the client as requested by a client funds ... or other properties in the possession of the lawyer"). Therefore, since the Debtor had a fiduciary duty with regard to Brisboy's funds prior to the time that the debt arose, the Court concludes that the Debtor was a fiduciary within the meaning of § 523(a)(4). *See In re Kane*, 48 F.2d 96 (2nd Cir.1931) (attorney is fiduciary in handling client funds); *Bailey v. Sonnier (In re Sonnier)*, 157 B.R. 976 (E.D.La.1993) (attorney's defalcation as fiduciary in handling client funds rendered debt nondischargeable under 11 U.S.C. § 523(a)(4)); *Kwiat v. Doucette*, 81 B.R. 184 (D.Mass.1987) (attorney's defalcation as fiduciary in handling client funds rendered debt nondischargeable under 11 U.S.C. § 523(a)(4)); *Ducey v. Doherty*, 160 B.R. 465 (Bankr.D.N.H.1993) (New Hampshire Rules of Professional Conduct placed attorney who held client funds in fiduciary relationship with client under 11 U.S.C. § 523(a)(4)); *c.f. Pan–Western Life Insurance Co. v. Galbreath (In re Galbreath)*, 112 B.R. 892 (Bankr.S.D.Ohio 1990) (corporate director held to be a fiduciary under 11 U.S.C. § 523(a)(4)).

Further, the Debtor committed a defalcation in his fiduciary duties which renders the debt owed to Brisboy nondischargeable under 11 U.S.C. § 523(a)(4). "The term 'defalcation' is quite broad, intended to include innocent or negligent defaults in duty as well as intentional acts. It can be a mere deficit resulting from the Debtor's misconduct, even though he derived no personal gain." *In re Galbreath*, 112 B.R. at 900 (citations omitted).

Brisboy has alleged, and the Debtor has not denied, that the Debtor obtained the Funds by making false representations with an actual intent to defraud Brisboy. Additionally, the Debtor's appropriation of the Funds for his own use has caused Brisboy to suffer an economic loss. Therefore, the Debtor has committed a defalcation in his fiduciary duties to Brisboy which renders the

debt owed to Brisboy nondischargeable under 11 U.S.C. § 523(a)(4).

The Court notes that, even if McDowell had not been a fiduciary within the meaning of § 523(a)(4), his wrongful appropriation of Brisboy's property for his own use would render the debt owed to Brisboy nondischargeable as an embezzlement under 11 U.S.C. § 523(a)(4). *See Beneficial Mortgage Co. v. Craig (In re Craig)*, 140 B.R. 454, 457 (Bankr.N.D.Ohio 1992) ("the elements necessary for proving embezzlement are: (1) the property of another was entrusted to the Debtor; (2) the Debtor appropriated the property for a use other than that for which it was entrusted; and (3) the circumstances indicate fraud") (citations omitted); *c.f. Toledo Blade Co. v. Shinew (In re Shinew)*, 33 B.R. 588 (Bankr.N.D.Ohio 1983) (in deciding an action for embezzlement or larceny under 11 U.S.C. § 523(a)(4), the Court need not determine whether the debtor was acting in a fiduciary capacity).

**Willful and Malicious Injury Under 11 U.S.C. § 523(a)(6)**

The Sixth Circuit has indicated that:

[a]n injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite, or ill-will. The word "willful" means "deliberate or intentional," a deliberate and intentional act which necessarily leads to injury.

*Perkins v. Scharffe*, 817 F.2d 392, 394 (6th Cir.1987) (citing 3 Collier on Bankruptcy 523–111 (15th ed. 1986)), *cert. denied*, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987); *c.f. Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226, 1229 (6th Cir.1991) (observing that the Sixth Circuit has "rejected the stricter standard that 'willful' and 'malicious' requires an act with intent to cause injury" in holding that conversion constitutes a "willful and malicious injury" under § 523(a)(6)).

■ The Debtor engaged in the following activities which were wrongful and without just cause:

1. retaining a Sandusky law firm to file the "necessary documents to approve the minor settlement" in Erie Court

2. renting an apartment in Erie County for Tammy and alleging that she was a resident of Erie County

3. entering into the Erie Settlement

4. receiving the funds from the Erie Settlement.

In taking these actions, the Debtor willfully injured Brisboy's property. Therefore, the Debtor has acted willfully and maliciously in causing economic injury to Brisboy within the meaning of § 523(a)(6). The debt owed to Brisboy for repayment of the Funds is, therefore, nondischargeable under 11 U.S.C. § 523(a)(6).

In light of the foregoing, it is therefore

ORDERED that John Ball, Guardian of the Estate of Joseph Brisboy's motion for summary judgment be, and it hereby is, granted. It is further

ORDERED that the debt owed by Gregory McDowell to John Ball, Guardian of the Estate of Joseph Brisboy be, and it hereby is, excepted from discharge.