**In re Stephen E. ALGIRE, Debtor.**

**JP Morgan Chase Bank, NA, Plaintiff,**

**v.**

**Stephen E. Algire, Defendant.**

**Bankruptcy No. 2:08–bk–59908.**

**Adversary No. 2:09–ap–02123.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

June 1, 2010.

James H. Cannon, Thomas R. Merry, Westerville, OH, for Plaintiff.

Timothy A. Pirtle, Columbus, OH, for Defendant.

## MEMORANDUM OPINION AND OR-DER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of the Plaintiff's Motion for Summary Judgment (Doc. # 29) and filed in the above captioned adversary proceeding. The Court having considered the record and the arguments of the parties, makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the non-moving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must deem as true the nonmoving party's evidence and must view all justifiable inferences in a light most favorable to the non-moving party. *Matsushita Elec Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit has articulated the following standard to apply when evaluating a motion for summary judgment:

[T]he moving [party] may discharge its burden by "pointing out to the . . . court . . . that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.*, 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). However, determinations of credibility, weight of the evidence, and legitimate inferences from the facts remain the province of the jury. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. . . ." *Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548. If otherwise appropriate, summary judgment may also be entered for a nonmoving party. *K.E. Resources, Ltd. v. BMO Fin. Inc. (In re Century Offshore Mgmt. Corp.)*, 119 F.3d 409, 412 (E.D.Ky.1997); *see also Celotex*, 477 U.S. at 326, 106 S.Ct. 2548 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.").

## II. Findings of Fact

Upon the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, the Court makes the following findings of fact:

On December 16, 1999, Plaintiff, JP Morgan Chase Bank, NA, successor by merger to Bank One, NA ("Plaintiff"), extended a $100,000.00 line of credit to Midstate Electrical Construction, Inc. ("MECI"). To obtain this line of credit, Stephen E. Algire ("Defendant"), executed a promissory note on behalf of MECI as president and personally as guarantor. The note provided that no advances under the note would be used for personal, family, or household purposes, and that all advances would be used solely for business, commercial, agricultural or other similar purposes.

MECI drew from and made payments on the line of credit from around January 3, 2000 until around May 30, 2008, when MECI defaulted on the note. During this period, Defendant purchased a new roof for his personal residence, a hot tub, a livestock trailer, a John Deere lawnmower, and other items. He also made a down payment for a boat, and paid a line of credit on his personal residence which had been extended by Signal Bank. When MECI defaulted on the note in 2008, Defendant failed to fulfill his obligation as

guarantor. On June 24, 2008, Plaintiff obtained a judgment against MECI and Defendant as guarantor in the principal amount of $98,683.23, plus interest, late fees and attorneys' fees.

On October 14, 2008, Defendant filed a Petition for Relief under Chapter 13 of the Bankruptcy Code, and subsequently converted his case to one under Chapter 7 on January 19, 2010. Plaintiff followed with the instant adversary proceeding, asserting that Defendant used the funds in contravention of the terms of the note, and therefore, the debt should be declared nondischargeable due to Defendant's conduct.

## III. Law and Analysis

From the facts set forth above, Plaintiff asserts that Defendant misused the funds loaned to MECI in a manner which renders the underlying debt nondischargeable pursuant to 11 U.S.C. § 523(a). More specifically, Plaintiff alleges that Defendant used the loan proceeds for his own personal aggrandizement, in the form of the purchases described above. According to Plaintiff, this constitutes embezzlement, and consequently, renders the debt nondischargeable pursuant to § 523(a)(4). Plaintiff's further alleges that Defendant used the loan proceeds willfully and maliciously to cause injury to Plaintiff and therefore said debt should also be found nondischargeable pursuant to § 523(a)(6).

■ The fundamental policy of the Bankruptcy Code is to provide a fresh start to "honest but unfortunate debtor[s]." *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). For this reason, exceptions to discharge are to be strictly construed against the complaining party. *Rembert v. AT & T Universal Card Serv., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir.1998).

### A. Count One—Embezzlement

In Count One of the Complaint, Plaintiff seeks to except the debt from discharge pursuant to 11 U.S.C. § 523(a)(4). Section 523 of the Bankruptcy Code provides, in relevant part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ...

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11 U.S.C. § 523(a)(4).

■ The phrase, "while acting in a fiduciary capacity" modifies the words, "fraud or defalcation", whereas embezzlement and larceny are separate grounds for nondischargeability under § 523(a)(4) regardless of whether a fiduciary relationship existed between debtor and creditor. *Nat'l City Bank v. Imbody (In re Imbody)*, 104 B.R. 830, 840 (Bankr.N.D.Ohio 1989). For the purposes of dischargeability under § 523(a)(4), embezzlement is defined by federal law as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172–73 (6th Cir.1996) (citations omitted). To establish embezzlement, a creditor must prove "that he entrusted *his property* to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud." *Brady*, 101 F.3d at 1173 (emphasis added) (citations omitted).

■ The first element of embezzlement under *Brady* is entrustment of one's property to another. Plaintiff asserts that it entrusted its property to Defendant upon issuance of the note. The note was for a business line of credit, or loan, for $100,000.00. But Plaintiff's business loan

to MECI was not an entrustment of Plaintiff's property to MECI or Defendant. This is due to the nature of a loan transaction. Once a lender transfers the loan funds, the lender typically loses control of those funds. The funds are usually deposited into the borrower's account, to which the lender has no access. The borrower has no obligation to hold the funds inviolate for the benefit of the lender. To the contrary, the borrower has almost absolute discretion over use of the funds: except for the general admonition against use of the funds for personal or household use, the borrower may use the funds to make payroll, purchase inventory, pay taxes, and meet any other legitimate business expense, even if such expenditure results in insufficient capital to make its payments under the debt instrument. Absent a default in payment under the debt instrument, the lender has no right to demand return of the funds. There is no expectation on the part of the lender that the same funds it transferred to the borrower will be returned; rather, the lender expects the borrower to pay the loan from income generated by its business operations. Thus, at the time Plaintiff funded the loan, loan proceeds ceased being Plaintiff's property; rather, at that moment, the loan proceeds became MECI's property. *CNH Capital America, LLC v. Bangle (In re Bangle)*, 2010 WL 1903752 at *3 (Bankr. W.D.Tex.2010) (explaining that at the time of funding, loan proceeds were no longer the property of the lender). Therefore, Plaintiff fails to prove Defendant embezzled Plaintiff's property because Plaintiff has not established entrustment of its property to Defendant to satisfy the first prong of embezzlement.

Inasmuch as the Court holds that Plaintiff has not established entrustment of its property to Defendant to sufficiently assert a claim of nondischargeability for embezzlement, the Court does not find it necessary to enter into an analysis of the remaining requirements for an embezzlement claim. Plaintiff's claim for nondischargeability of Defendant's debt under § 523(a)(4) for embezzlement fails because Plaintiff did not entrust its property to Defendant.

### B. Count Two—Willful and Malicious Injury

Plaintiff also asserts that Defendant's use of the loan funds for personal benefit constituted willful and malicious injury to Plaintiff. Section 523(a) of the Bankruptcy Code excepts from a bankruptcy discharge damages caused by willful and malicious injuries perpetrated by a debtor. Section 523(a)(6) provides in pertinent part:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity ....

11 U.S.C. § 523(a)(6). Because the word "willful" in the statute modifies the word "injury," the United States Supreme Court has concluded that § 523(a)(6) requires a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). "[T]he actor must intend 'the *consequences* of an act,' not simply 'the act itself.' " *Id.* at 61–62, 118 S.Ct. 974 (citation omitted).

### 1. Willful Injury

For the purposes of § 523(a)(6), willfulness is shown when it is demonstrated that the debtor either had a desire to cause the consequences of his act, or believed that injury was substantially certain to result from his conduct. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir.1999); see also *Petralia v.*

*Jercich (In re Jercich),* 238 F.3d 1202, 1208 (9th Cir.2001). The focus is on the debtor's state of mind. The fact that debtor *should* have known the consequences of his actions is not sufficient to satisfy the requirements of willfulness. *Markowitz,* 190 F.3d at 465 n. 10. Similarly, damages arising from conduct which is reckless or negligent do not fall within the purview of § 523(a)(6). *Kawaauhau,* 523 U.S. at 59, 118 S.Ct. 974.

In the present case, Plaintiff alleges Defendant's expenditures coupled with his withdrawal of thousands of dollars on the line of credit supports a finding that Defendant knowingly used the loan proceeds without regard to whether Plaintiff would be paid on the underlying debt. This, Plaintiff continues, constitutes willfulness for the purposes of § 523(a)(6). Defendant contests this allegation by indicating that after these withdrawals he deposited personal funds into MECI's bank account, which exemplifies a lack of intent on his behalf to injure Plaintiff. Rather, Defendant posits, this evidence shows his intent to remunerate Plaintiff on the underlying debt.

The facts and assertions presented simply are not sufficient to show that no genuine issue of fact exists as to whether Defendant "either had a desire to cause the consequences of his act, or believed that injury was substantially certain to result from his conduct." *Markowitz,* 190 F.3d at 464. Without more facts pertaining to the relevant circumstances, Defendant's expenditures taken as a whole and MECI's draws on the line of credit are not enough to demonstrate Defendant acted willfully for the purposes of § 523(a)(6).

### 2. *Malicious Injury*

The second requirement of § 523(a)(6) is maliciousness. This requirement is met when it is demonstrated that (1) the debtor has committed a wrongful act, (2) the debtor undertook the act intentionally, (3) the act necessarily causes injury, and (4) there is no just cause or excuse for the action. *Vulcan Coals, Inc. v. Howard,* 946 F.2d 1226, 1228 (6th Cir.1991); *Jercich,* 238 F.3d at 1209. Plaintiff contends that Defendant acted maliciously by employing the loan proceeds to purchase a roof for his house, a hot tub, and other items, and to payoff a personal line of credit in the amount of approximately $27,000.00 to Signal Bank. Plaintiff asserts, in conclusory fashion, that there was no excuse for this conduct and said conduct constitutes maliciousness under § 523(a)(6). Taking the facts in a light most favorable to Defendant, there is not enough support for a finding that Defendant acted maliciously. To prove that Defendant acted maliciously, Plaintiff must first demonstrate that Defendant committed a wrongful act and that Defendant intentionally undertook the act. *See Vulcan Coals Inc.,* 946 F.2d at 1228. A mere showing that Defendant may have used loan proceeds for his own personal use is insufficient to demonstrate that the act was wrongful. Again, Defendant counters Plaintiff's factual assertions by evidencing his personal deposits into the MECI's bank account subsequent to the alleged personal withdrawals. Additionally, Defendant counters that he has not engaged in any wrongful acts with the loan proceeds. He insists that loan proceeds were not used to purchase or pay for any of the items described by Plaintiff. He additionally insists that the lawnmower and livestock trailer were purchased for business purposes. As the Supreme Court has stated, determinations of credibility, weight of the evidence, and legitimate inferences drawn from the facts are not properly decided in the context of a motion for summary judgment.

Plaintiff must also show that Defendant partook in the acts intentionally. Setting aside the issue of whether Defendant engaged in wrongful acts, Defendant states that he was unaware of any restriction on use of the loan funds. Plaintiff counters that Defendant's failure to read or understand the loan documents does not allow him to escape the consequences of their contents. While this is generally true as to the obligations therein, Plaintiff's lack of knowledge of the conditions contained in the documents can speak to his intent. Therefore, Defendant has shown the existence of a genuine dispute of fact on this prong of maliciousness.

 Plaintiff must also demonstrate that there is a causal link between Defendant's act and an injury to Plaintiff. *See Vulcan Coals Inc.*, 946 F.2d at 1228. Here, Plaintiff provides no such evidence. Plaintiff simply insists that Defendant used loan proceeds for his own personal use, Plaintiff does not evidence that these specific acts caused MECI to subsequently default on the loan, or that any other injury to Plaintiff was caused therefrom.

Finally, for the purposes of maliciousness, Plaintiff must demonstrate that there was no justification for Defendant's alleged wrongful acts. Plaintiff makes the conclusory assertion that there was no justification for Plaintiff's acts without any explanation or support why its assertion is true. This statement alone is not enough to demonstrate that there was no justification or just cause for Defendant's acts. Therefore, Plaintiff has failed to demonstrate that there is no genuine issue of material fact that Defendant's actions constitute maliciousness for purposes of § 523(a)(6).

## IV. Conclusion

In accordance with the foregoing, the Court finds that Plaintiff never entrusted its property to Defendant and therefore the Complaint fails to state of cause of action for embezzlement against Defendant. Consequently, the Court grants summary judgment in favor of Defendant as to Count One of Plaintiff's Complaint, brought pursuant to § 523(a)(4).

As to Count Two of Plaintiff's Complaint, based upon willful and malicious injury, the Court finds that Plaintiff failed to demonstrate that there is no genuine issue of material fact, and that it is entitled to judgement as a matter of law. As a result, Plaintiff's Motion for Summary Judgment as to Count Two is denied. The trial scheduled for June 11, 2010 shall proceed in order to adjudicate Plaintiff's claim under § 523(a)(6).

IT IS SO ORDERED.