**In re Michael Lee PING, Juree Louise Ping, Debtors.**

**First Assembly of God, Plaintiff,**

v.

**Michael Ping, et al., Defendants.**

**Bankruptcy No. 13–50387.
Adversary No. 13–2119.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Signed March 5, 2014.

Entered March 6, 2014.

Jeffrey Jakmides, Alliance, OH, for Plaintiff.

Roger L. Weaver, Canal Winchester, OH, for Defendant.

## OPINION AND ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

C. KATHRYN PRESTON, Bankruptcy Judge.

This matter came on for consideration of the Defendant's [sic] Motion for Judgment on the Pleadings (Doc. # 30) (hereinafter referred to as "Motion"), filed by the Defendants Michael and Juree Ping (hereinafter referred to collectively as "Debtors" and individually as "Mr. Ping" and "Ms. Ping"), and the Memorandum in Response thereto (Doc # 31) by Plaintiff First Assembly of God (hereinafter referred to as "Plaintiff").

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05–02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## I. Background

Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on January 18, 2013. Plaintiff timely filed a complaint to determine the dischargeability of debt allegedly owed to Plaintiff by Debtors. Plaintiff ultimately followed with an Amended Complaint to Determine Dischargeability of Debt (hereinafter referred to as the "Complaint"), asserting that an alleged debt owed by Debtors is nondischargeable pursuant to § 523(a)(2)(A), (a)(4) and (a)(6) of the Bankruptcy Code.

In short, the Complaint alleges that Mr. Ping served as pastor of Plaintiff from August 2002 until September 2010, and that during that period he and Ms. Ping misappropriated from Plaintiff funds in excess of $30,000. The Complaint further alleges that Debtors represented to Plaintiff that they were expending the funds for the benefit of Plaintiff, but they were, in fact, using the funds for their personal benefit and to pay personal expenses. Finally, the Complaint alleges that members of Plaintiff held a meeting at which Mr. Ping admitted that he had made improper expenditures and agreed to a repayment plan. Attached to the Complaint are several affidavits executed by various members of Plaintiff; the affidavits reiterate, verbatim, the allegations of the Complaint.

## II. Standard of Review for Motions for Judgment on the Pleadings

Fed.R.Civ.P. 12(c) [1] provides that after the pleadings are closed, a party may move for judgment on the pleadings. A motion for judgment on the pleadings made pursuant to Rule 12(c) is considered under the same standard as a motion to dismiss a complaint [2]: the Court "construes the complaint in a light most favorable to the plaintiff, accepts all factual allegations as true, and determines whether the complaint states a plausible claim for relief." *HDC, LLC v. Ann Arbor*, 675 F.3d 608, 611 (6th Cir.2012) (citations omitted). However, the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Id.; see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868, 884 (2009). This is so even if the legal conclusions are "cast in the form of factual allegations if those

---

**1.** Fed.R.Civ.P. 12(b)–(I) applies in adversary proceedings. Fed. R. Bankr.P. 7012(b).

**2.** This being the case, decisional law construing or applying the standards for a motion to dismiss are relevant and persuasive in analyzing a motion for judgment on the pleadings.

conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994) (deciding a motion to dismiss).

A complaint can survive a motion for judgment on the pleadings only if it contains sufficient factual matter to state a claim to relief that is "plausible on its face". This does not mean that the complaint must plead the elements of a cause of action. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–12, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (deciding a motion to dismiss). On the other hand, it requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citation omitted). Construing Fed.R.Civ.P. 8,[3] the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1964–65 (internal citations omitted). A claim is plausible on its face if the complaint contains factual allegations sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *HDC*, 675 F.3d at 611; *see also Twombly*, 127 S.Ct. at 1964–65. "[T]he allegations in the complaint must permit the court to infer more than the mere possibility of misconduct, namely, that the pleader has show[n] entitlement to relief." *See, HDC*,

675 F.3d at 612–13; *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir.2011) (citations and internal quotation marks omitted).

The Supreme Court further explained that recitation solely of facts that are indicative of misconduct are insufficient to state a facially plausible claim, if they are equally consistent with lawful behavior. *Twombly*, 127 S.Ct. at 1964, 1966. It logically follows, then, that allegations which may be sufficient to articulate a plausible claim for liability under the standards for one cause of action (*i.e.*, misappropriation) may not be sufficient to articulate a plausible claim for a different cause of action (*i.e.*, dischargeability). The Tenth Circuit Court of Appeals has observed that the term "plausibility" refers to the "scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, ... then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008) (citations omitted). This is, of course, "a context-specific inquiry." *Napolitano*, 648 F.3d at 369. As might be expected, more complex cases will require more fact pleading. *Robbins*, 519 F.3d at 1248; 2 James Wm. Moore et al., Moore's Federal Practice ¶ 8.04[1][d] (3d ed. 2013).

### III. Analysis and Discussion

Because the overarching purpose of the Bankruptcy Code is to provide a fresh start to those in need of relief from the efforts of creditors,[4] exceptions to discharge are to be strictly construed against the complaining party. *Rembert v. AT &*

---

**3.** Fed. R. Bankr.P. 7008 provides that Fed. R.Civ.P. 8 applies in adversary proceedings. Rule 8 provides that "A pleading that states a claim for relief must contain ... (2) a short and plain statement of the claim showing that

the pleader is entitled to relief...." Fed. R.Civ.P. 8(a).

**4.** *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

*T Universal Card Serv., Inc. (In re Rembert),* 141 F.3d 277, 281 (6th Cir.1998). Notwithstanding, the relief provided by the Bankruptcy Code is intended only for the "honest but unfortunate" debtor and not to protect perpetrators of fraud or those who engage in egregious conduct. *Grogan,* 498 U.S. at 287, 111 S.Ct. 654.

## A. The Complaint's First Claim for Relief—Section 523(a)(2)(A)

The First Claim for Relief set forth in the Complaint is purportedly brought under § 523(a)(2)(A) of the Bankruptcy Code. Section 523(a)(2) of the Bankruptcy Code provides, in relevant part, as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . .

(2) for money, property, services or ... credit, ... *to the extent obtained by—*

(A) false pretenses, a false representation, or actual fraud....

11 U.S.C. § 523(a)(2)(A) (emphasis added).

■ "In order to except a debt from discharge [for a false representation] under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss." *Rembert,* 141 F.3d at 280–81 (footnote omitted).

■ False pretenses are distinguishable from false representations in that "[a] false pretense involves an implied misrepresentation or conduct that is intended to create and foster a false impression while a false representation involves an express representation." *Goldberg Securities, Inc. v. Scarlata (In re Scarlata),* 127 B.R. 1004, 1009 (N.D.Ill.1991). *See also Sprague,* 205 B.R. at 859; *Wings & Rings, Inc. v. Hoover (In re Hoover),* 232 B.R. 695, 700 (Bankr.S.D.Ohio 1999).

■ For purposes of § 523(a)(2)(A), actual fraud is defined broadly—"any deceit, artifice, trick or design involving a direct and active operation of the mind, used to circumvent and cheat another—something said, done or omitted with the design of perpetrating a cheat or deception." 4 *Collier on Bankruptcy* ¶ 523.08[1][e] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010). *See also McClellan v. Cantrell,* 217 F.3d 890, 899 (7th Cir.2000) ("[B]y distinguishing between 'a false representation' and 'actual fraud,' the statute makes clear that actual fraud is broader than misrepresentation.") (citing 4 *Collier on Bankruptcy* ¶ 523.08[1][e] (Lawrence P. King, ed., 15th ed. 2000)). "Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." *McClellan,* 217 F.3d at 899 (citations omitted). Actual fraud has also been defined as "deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed." *Blascak v. Sprague (In re Sprague),* 205 B.R. 851, 859 (Bankr. N.D.Ohio 1997). In order to prevail under § 523(a)(2)(A), Plaintiff must illustrate that the existence of an actual or positive fraud; fraud implied by law is not sufficient. *Rembert,* 141 F.3d at 281.

■ The Complaint fails to illustrate how money, property, services or credit was *obtained* by any nefarious act or conduct of either of Debtors. There is simply no allegation or discussion that Debtors made any false representations, or engaged in false pretenses or fraud to *acquire* any money, property, services or credit from Plaintiff. The Complaint simply states that Mr. Ping acted as pastor of Plaintiff (¶ 8), that during his administration as pastor, he appropriated $30,000 of Plaintiff's funds in the form of improper expenditures (¶ 9), and that Debtors represented to church members that they were making expenditures of Plaintiff's funds for the benefit of Plaintiff when in fact expenditures were made for Debtors' personal benefit (¶ 22). These allegations do not indicate whether Debtors obtained possession of the funds, or merely had access to the subject funds. Nor do these allegations explain whether Debtors engaged in any misrepresentations or false pretenses or fraud prior to or subsequent to gaining possession of or access to any funds. These factors are relevant because of the demands of the statute in finding a debt nondischargeable. The facts alleged in the Complaint are so general that Plaintiff's claims fail to cross the line from conceivable to plausible.

Additionally, the Complaint fails to allege any conduct which could be construed to be an implied misrepresentation to Plaintiff or which was intended to create and foster a false impression, so as to fall within the ambit of a false pretense.

■ Finally, it is well established that fraud must be pled with particularity. Federal Rule of Civil Procedure 9(b), which is incorporated into bankruptcy adversary proceeding by Federal Rule of Bankruptcy Procedure 7009, "requires a party to plead fraud with sufficient particularity to give the answering party notice of the misconduct that is being challenged." *State Bank & Trust Co. v. Spaeth (In re Motorwerks, Inc.),* 371 B.R. 281, 294 (Bankr.S.D.Ohio 2007) (citation omitted). "To satisfy FRCP 9(b), a plaintiff must at a minimum allege the time, place and contents of the (misrepresentations) upon which he relied." *Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir.1984). The Complaint fails to describe any fraud with the particularity required by the Sixth Circuit Court of Appeals.

An action for determination of dischargeability is more complex than one for mere misappropriation or negligence or liability. As indicated by the elements listed above, a finding of mere misappropriation, without more, will not result in a determination that the debt should survive Debtors' discharge. The Complaint, while probably sufficient to state a claim for misappropriation or breach of contract or simple liability, does not allege sufficient facts to state a plausible claim under § 523(a)(2)(A). The facts are no more than unadorned, the-defendant-unlawfully-harmed-me accusations, which are insufficient under the guidelines established by *Twombly* and *Iqbal.* The allegations allow this Court to infer no more than the mere possibility of misconduct, and fail to show that Plaintiff is entitled to the relief available pursuant to § 523(a)(2)(A). Therefore, the Complaint lacking allegations sufficient for a finding of nondischargeability under § 523(a)(2)(A), judgment should be entered in favor of Debtors on the First Claim for Relief.

**B. The Complaint's Second Claim for Relief—Section 523(a)(4)**

The Second Claim for Relief set forth in the Complaint is purportedly brought under § 523(a)(4) of the Bankruptcy Code. Section 523(a)(4) provides, in relevant part, as follows:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

. . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. . . .

11 U.S.C. § 523(a)(4).

■ The phrase "while acting in a fiduciary capacity" applies only to the words "fraud or defalcation"; embezzlement and larceny are separate grounds for non-dischargeability under § 523(a)(4) whether or not a fiduciary relationship existed. *Nat'l City Bank v. Imbody (In re Imbody)*, 104 B.R. 830, 840 (Bankr.N.D.Ohio 1989). Therefore, a plaintiff can prevail under § 523(a)(4) by establishing that the defendant committed either (1) fraud or defalcation while acting in a fiduciary capacity, or (2) embezzlement, or (3) larceny.

■ The "fiduciary capacity" component has been interpreted by the Sixth Circuit Court of Appeals to apply only to those situations involving an express or technical trust; establishing the existence of such a trust requires the creditor to show "(1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary." *Ohio Carpenter's Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 639–40 (6th Cir.2007) (quoting *Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 391–92 (6th Cir. 2005)).

■ The provision also applies to fiduciary relationships established by law, so long as the fiduciary relationship exists prior to and does not arise out of an act of wrongdoing. *Bucci*, 493 F.3d at 640. Although state law is important in determining when a trust relationship exists, the question of whether one falls within the definition of fiduciary relationship for purposes of bankruptcy law is governed by federal law. *Blaszak*, 397 F.3d at 390. The Sixth Circuit Court of Appeals has held that a fiduciary capacity, such as an agent-principal relationship or an attorney-client relationship standing alone is insufficient to establish the type of fiduciary duty contemplated by § 523. *Capitol Indemnity Corp. v. Interstate Agency, Inc. (In re Interstate Agency)*, 760 F.2d 121, 125 (6th Cir.1985); *R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176 (6th Cir. 1997). In order to satisfy § 523(a)(4), the debtor must hold funds in trust for a third party to satisfy the fiduciary relationship element of the defalcation provision of § 523(a)(4). Thus, put in terms applicable to the instant case, a creditor must show "(1) a preexisting fiduciary relationship; (2) breach of that fiduciary relationship; and (3) a resulting loss." *Blaszak*, 397 F.3d at 390.

■ The Complaint is completely devoid of allegations to support a finding that an express or technical trust was established. The sole allegation in the Complaint touching on the topic of a fiduciary relationship is that Mr. Ping was "acting as a fiduciary for Plaintiff pursuant to his position as Pastor." This conclusion is not only unsupported by other facts alleged in the Complaint, it speaks to a relationship grounded in his employment position. There are no factual allegations that point to the existence of a trust. Further, while the Complaint attempts to establish the existence of a fiduciary relationship between Mr. Ping and Plaintiff,[5] it contains absolutely no allegations of a relationship between Ms. Ping and Plaintiff.

---

5. Paragraph 28 of the Complaint states, "Mr. Ping, while acting as a fiduciary for [Plaintiff] pursuant to his position as Pastor, fraudulent- ly converted a total of $30,869.76 in Church funds. . . ."

For the purposes of § 523(a)(4), embezzlement is the " 'fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come.' " *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172–73 (6th Cir.1996) (citing *Gribble v. Carlton (In re Carlton)*, 26 B.R. 202 (Bankr.M.D.Tenn.1982)). "A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud." *Brady*, 101 F.3d at 1173 (citing *Ball v. McDowell (In re McDowell)*, 162 B.R. 136, 140 (Bankr.N.D.Ohio 1993)). The fraud element may also be satisfied by a showing of deceit. *See Imbody*, 104 B.R. at 841 (stating that "[m]ost courts that have considered the issue have held that acting with deceit will satisfy the fraudulent intent requirement" of embezzlement); *H.P. Marketing Corp. v. Mills (In re Mills)*, 210 B.R. 289, 292 (Bankr.N.D.Ohio 1996) (stating the third element of embezzlement is the use of "some form of fraud or deceit"). While embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted, it differs from larceny in that the original taking or possession of the property is lawful, or with the consent of the owner. Larceny requires that felonious intent must have existed at the time of the taking. *Moore v. U.S.*, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422 (1895).

In connection with the Second Claim for Relief, Plaintiff's Complaint states only the legal conclusion that Mr. Ping fraudulently converted $30,869.76 of Plaintiff's funds; the Complaint doesn't allege any facts suggesting entrustment of funds, or the purpose for which any entrustment occurred. Moreover, the Complaint again fails to allege fraud with any specificity. Thus the Complaint fails to allege facts sufficient to state a claim for embezzlement plausible on its face. Similarly, the Complaint fails to allege any facts from which to infer an unlawful taking of Plaintiff's funds or felonious intent, necessary for a finding of larceny. As with the First Claim for Relief, the allegations allow this Court to infer no more than the mere possibility of misconduct, and fail to show that Plaintiff is entitled to relief under § 523(a)(4). Therefore, judgment should be entered in favor of Debtors on the Second Claim for Relief.

### C. The Complaint's Third Claim for Relief—Section 523(a)(6)

The Third Claim for Relief set forth in Plaintiff's Complaint is brought under § 523(a)(6) of the Bankruptcy Code. Section 523(a)(6) provides, in relevant part, as follows:

> (a) A discharge under section 727 ... does not discharge an individual debtor from any debt—
>
> . . .
>
> (6) for willful and malicious injury by the debtor to another entity....

11 U.S.C. § 523(a)(6).

Because the word "willful" in the statute modifies the word "injury," the United States Supreme Court has concluded that § 523(a)(6) requires a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (emphasis in original). "[T]he actor must intend 'the *consequences* of an act,' not simply 'the act itself.' " *Id.* at 61–62, 118 S.Ct. 974 (emphasis in original) (citation omitted).

Willfulness is shown when it is demonstrated that the debtor either had a desire to cause the consequences of his act, or believed that injury was substantially

certain to result from his conduct. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir.1999). *See also Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir.2001). The focus is on the debtor's state of mind. The fact that the debtor *should* have known the consequences of his actions is not sufficient to satisfy the requirements of willfulness. *Markowitz*, 190 F.3d at 465 n. 10. Similarly, damages arising from conduct which is reckless or negligent do not fall within the purview of § 523(a)(6). *Kawaauhau*, 523 U.S. at 59, 118 S.Ct. 974.

■■■ An act is "malicious" if it is undertaken "in conscious disregard of one's duties or without just cause or excuse." *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986). "Malicious" acts do "not require ill-will or specific intent to do harm." *Id.* The requirement of maliciousness is met when it is demonstrated that (1) the debtor has committed a wrongful act, (2) the debtor undertook the act intentionally, (3) the act necessarily causes injury, and (4) there is no just cause or excuse for the action. *Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226, 1228 (6th Cir.1991); *Jercich*, 238 F.3d at 1209.

■■■ Although the factual allegations of the Complaint can be described as "skimpy" at best, when taken in a light favorable to Plaintiff, they are sufficient for the Complaint to state a claim plausible on its face. Therefore, the Motion will be denied as to the Third Claim for Relief.

## IV. Conclusion

The Complaint fails to state a claim for relief under § 523(a)(2)(A) or § 523(a)(4) that is plausible on its face. However, the Complaint contains sufficient factual alle-

gations to warrant a trial on the merits under § 523(a)(6). Accordingly, it is

ORDERED that Debtors' Motion for Judgment on the Pleadings is GRANTED as to the First Claim for Relief and the Second Claim for Relief set forth in Plaintiff's Complaint. It is further

ORDERED that Debtors' Motion for Judgment on the Pleadings is DENIED as to the Third Claim for Relief set forth in Plaintiff's Complaint. A trial will be set by separate notice.[6]

IT IS SO ORDERED.

---

**6.** The provisions of the Order Setting Deadlines (Doc. # 21) remain in full force and effect.